MARTHA G. GAMMAGE, ADM'X, v. JAMES S. ALEXANDER.

Where the entry of the verdict and judgment appeared in the transcript without date, but the charge of the Court was endorsed filed 30th June, and the transcript contained no entry of an adjournment, and the motion for a new trial was filed July 3d, and was overruled in general terms, this Court said there was some plausibility in the inference that the judgment was rendered on the same day the charge was filed, but that the appellant could not be deprived of her rights on a mere presumption. (The Statute requires a motion for a new trial to be filed within two days after judgment.)

Where the petition relies entirely upon a special contract, the plaintiff cannot recover a *quantum meruit;* and proof of value, admitted without objection, will not sustain a Court for a specific price alleged to have been agreed on.

In an action for the price of goods *sold and delivered,* the plaintiff cannot recover damages for the failure of the defendant to accept and pay for goods *bargained and sold.*

Goods manufactured to order remain the property of the manufacturer, until some mutual act on the part of both the manufacturer and person giving the order, which amounts to a delivery by the one and an acceptance by the other; and, in the absence of proof of such delivery and acceptance, the one cannot recover the price, nor the other the goods; but the remedy is for damages for failure to complete the contract.

Where goods are contracted to be sold on credit, by agreement not in writing, interest in the nature of damages cannot be recovered by the seller.

Appeal from Harrison. There was proof, that the defendant contracted with the plaintiff to make the articles for him, to be ready by the first of June, 1851; and that the defendant was to pay for them in corn, that season, at seventy-five cents per bushel; but there was no evidence of any special contract as to the price to be paid for them; it was proved that the defendant applied for them early in June, and was told that they were not ready, but would be ready by the time the defendant's wagon went west, to which defendant made no reply, but went away; that the defendant's wagon, about the 15th of September, going west, called at the plaintiff's factory and took the mill; that the other articles were ready for delivery at the time, being set to one side for the defendant, where they re-

mained in good order at the time the witness gave his testimony.  The plaintiff proved that the articles were of the value which the petition alleged the defendant had contracted to pay, and that the price of corn that season, was from one dollar to one dollar and a quarter per bushel.  There did not appear to have been any objections to the introduction of testimony.  A further statement of the case will be found in the Opinion.

*W. H. S. Bristow*, for appellant.   I.   "It is a general rule that a contract must be stated correctly, and must be proved as laid."  (1 Chitty, Pl. 334 ; Pringle v. Samuel, 1 Bibb, p. 172.)

II.   The Court charged, " that when a mechanic agrees to "furnish an article of manufacture, and sets it apart for the "vendee at the place of delivery, the article thus set apart is from thence at the risk of the vendee."   (Story on Sales, §315 ; Chitty on Contracts, 336 ; Mucklow v. Mangles, 1 Taunt. 318; Moody v. Brown, 34 Maine R. 107 ; 1 Chitty's Pl. 347.)

Again, the the Court charged, " that, if you conclude the "plaintiff had a right to recover, then he had a right to recover " on the amount of that recovery, at the rate of eight per cent. " per annum, by way of fixing the whole amount of damages."

Interest, damages, or by whatever name called, is a creature of the local laws and recoverable alone by force thereof.  When not expressed in the contract, it is only recoverable on written contracts.   (Hart. Dig. Art. 1607.)

*Henderson & Jones*, for appellee.   I.   The error assigned, is the Court's overruling the appellant's motion for new trial.  In this the Court was right, if for no other reason, for this : the motion was not made in the time required by law.  The motion was filed the 3d of July, whereas the verdict was rendered the 30th of June.  The transcript does not give the date of the verdict or judgment ; but it shows that the charge of the Court was filed on the 30th of June ; and there appears to

have been no adjournment of the Court after the cause was taken up for trial, and before the verdict ; and there was no such conflict or doubt in the testimony, or difficulty before the jury, that will authorize the presumption contrary to the appearance from the record, that the verdict was not rendered the same day the cause was submitted. In addition to this, the presumption is in favor of the correctness of the judgment of the Court.

II. Secondly, as to the plaintiff's right to recover the full price of the cotton gin, which was made and tendered the plaintiff, and which he refused to take. The authority cited from the Maine Reports is not accessible ; and the others do not bear out the appellant's position. Then, what was the plaintiff entitled to recover in this case? The value of his gin and mill, fixed at 400 bushels of corn at 75 cents a bushel. But as the defendant failed to deliver this corn, the plaintiff was entititled to the further recovery of the difference of the price of the corn agreed on and the actual price at the time it was to be delivered, (Randon v. Barton, 4 Tex. R.)

III. Thirdly, as to the charge that the plaintiff had a right to recover damages at the rate of eight per cent. on the amount of his loss. This the plaintiff certainly had a right to at the hands of the jury, and it can be no error that the jury gave it to him. But it does not appear that the jury gave any interest.

HEMPHILL, CH. J. The petition sets forth, in substance, that James S. Alexander, the plaintiff below, (the appellee in this Court,) is a machinist, and manufacturer of gins, mills, &c., and that Thomas T. Gammage, the deceased intestate, now represented by the appellant, and the plaintiff, in the early part of 1851, made a mutual contract, the plaintiff undertaking to find materials, and make for defendant a grist mill, of the cash value of one hundred and twenty-five dollars ; a cotton gin, of the cash value of one hundred and fifty dollars ; and to have the same ready for defendant to send to his Trinity farm, on or

by the 15th of Sept. 1851; in consideration of which, defendant undertook to deliver to plaintiff, at his (plaintiff's) crib, a sufficient quantity of corn, at the rate of 75 cents per bushel, and at corn gathering time, for 1851, as would be sufficient to pay the cash value of the said mill, gin, and fixtures, in the event that the promise or undertaking by the plaintiff was performed; and it is averred, that in all things the plaintiff fully performed his promise and undertaking. Passing over some allegations, not material to the view which will be taken, the petition further avers, that at corn gathering time, corn was worth one dollar per bushel; that the defendant has disregarded his promise, and has not delivered the said corn, or any part thereof.

Defendant pleaded general denial; setoff; and a tender of the amount due for the grist mill, and that plaintiff refused to receive any part, unless the whole amount, as charged in the account sued upon, was paid.

By an amended petition, the plaintiff reiterates the averment of full performance, on his part, of the agreement; that he furnished materials, and made for defendant a grist mill, of the cash value of one hundred and twenty-five dollars; a cotton gin, of the value of one hundred and fifty dollars, and fixtures, of the value of twenty-five dollars, and had the same finished before the fifteenth day of September, 1851, which the defendant, at the factory, (mentioned in the original petition,) on the 15th day of September, 1851, received of petitioner in full discharge of the said promise and undertaking by the petitioner; and avers damage of one thousand dollars, from failure of performance on part of defendant.

The jury found for plaintiff three hundred and ninety-six dollars fifty-six cents. The defendant moved for a new trial, on the ground,

1st. That the verdict was contrary to the law and the evidence.

2d. Error in the charge of the Court.

3d. That the damages were excessive.

Vol. XIV.            27

A new trial was refused, and the defendant appealed, and assigns as error

The refusal of the Court to sustain the motion for a new trial.

Before considering the grounds for reversal, assumed by appellant, we will notice the suggestion of appellee, that there was no error in overruling the motion for a new trial, for the reason that it was not filed in time. The charge of the Court is marked filed on the 30th June, and the motion for a new trial on the 3d July. The entry of verdict and judgment bears no date, and the appellee contends that as there was no entry of adjournment, the presumption is that the finding and judgment were on the day that the charge was given.

There is some plausibility in the inference ; but the defendant cannot be deprived of her rights, on mere presumption, when the fact may be to the contrary. The jury may have had difficulty in deciding. The Court charged more than once. The verdict may not have been returned until a subsequent day. There is no sufficient evidence that the Court ruled on this mere technical ground, against the motion. Nor is there any so conclusive as to require this Court to dismiss the appellant, without a hearing upon the merits.

Having disposed of this suggestion, we will proceed to examine the grounds on which the appellant, in an elaborate argument, claims that this judgment should be reversed.

This action purports to be founded on a contract; and it is a rule of pleading, as old as the science itself, that a contract, when sued upon, must be correctly stated, and if the evidence differ from the statement, the variance is fatal to the action ; in other words the facts constituting the cause of action must be set forth fully and distinctly, and if not proved as laid, the foundation of the action fails, and the plaintiff cannot recover.

The contract, as stated in the petition, original and amended, is to the effect that plaintiff was to furnish the materials and make a mill, gin and fixtures for defendant, at a price agreed upon, for the several articles, to be finished and ready for the

defendant to send to his Trinity farm on or by the 15th day of of September, 1851; that they were so made and finished for defendant, before that day ; and that the defendant, on that day, at the factory, received the articles in full discharge of the promise and undertaking of the plaintiff. The evidence does not agree with or support these statements. It is proved satisfactorily, that the plaintiff contracted to make a mill and gin for defendant, but there was no evidence that any price was fixed upon by the parties, as alleged in the petition. True, it is proved by one witness, that the articles were worth, severally, the prices stated in the petition ; but there was no allegation as to to their value by estimation, and there was consequently no foundation for such evidence. The averment was that a certain price had been stipulated. This must be proved as stated. The issue is, whether the parties did or did not agree upon a certain price, and not whether the articles were worth a particular sum. This was the issue offered by the plaintiff, and which the defendant was prepared to controvert, and the plaintiff cannot be permitted to aver one set of facts, and prove another, as their substitute or equivalent.

The plaintiff further alleges that the mill, gin, &c., were to be ready for defendant on or by the 15th September, 1851. The proof in relation to this stipulation is very unsatisfactory. The witness Harris does not testify as to the time of performance, except as to the declaration of defendant, that the gin was not done in time. Hancock, another witness, states that the plaintiff informed him, that the articles were to be ready for defendant on the first day of June, 1851 ; that the defendant called at the factory about that time, and enquired if his mill and gin were ready ; the plaintiff replied that he would have them ready by the time the defendant went west, to which the defendant made no reply. The witness Hare knew nothing of a contract between the parties, but states the inquiry of the defendant at the factory, in June, somewhat differently from the previous witness, viz : that he inquired whether the mill, gin and fixtures would be ready by the time his wagon would

start west.   This was answered in the affirmative by the plaintiff.   Upon the whole, in relation to this point, the jury may have concluded that though June may have been fixed originally as the time of performance, yet that some subsequent day had been agreed upon, and that the acts of the parties were such as to justify the conclusion that this was some time in September.

But the most glaring variance between the facts averred and those in evidence is, in relation to the delivery by plaintiff and acceptance by defendant, of the articles, or rather of the gin, as set forth in the petition.   The evidence shows that the gin was not in fact delivered to or received by the defendant, nor was there such tender by the plaintiff and acceptance by defendant, as would in contemplation of law, be equivalent to delivery by one and receipt by the other.

The only facts upon which there can be a shadow of pretext, that the gin, or the property in the gin, had passed to the defendant, are those deposed to by the witness Hare, to the effect that about the first of September, 1851, the defendant took the mill and fixtures from the factory.   He did not take the gin. The witness had never heard him say why he did not take the gin ; that it had been at the plaintiff's factory since that time. It had been well treated ; is in good condition, and has at all times been ready for the defendant.   In answer to another interrogatory, the witness said that when the defendant's wagon called at the factory, it was on its way west, and that at that time the mill, gin and fixtures were all ready for defendant. There is here no proof of actual receipt of the gin, as had been averred in the petition, and the question is, whether the acts were equivalent to an actual delivery by plaintiff and receipt by defendant.

The rule in relation to the acts necessary to pass property to the purchaser, in goods ordered to be manufactured, is thus stated by Story, in his treatise on Sales, viz : " Where the con-" tract of sale is executory, and for an article which is not in " existence at the time of the sale, but is to be manufactured or

"made or is to be grown, no property therein passes to the "vendee, until the thing is not only completely finished and " ready, but is either actually delivered to him, or at least is set aside and appropriated to him and accepted by him." Nor does it make any difference that the price is advanced, or that the time and mode of paying are agreed upon, or that the dimensions of the contract are stated. Until the article is set aside for the vendee, and delivered to or accepted by him, he acquires no property therein, and the vendor may, if he choose, dispose of it to another person, unless the vendee have employed a superintendent or furnished the materials. (Story on Sales, §315.) The rule is stated in terms of equivalent import in Story on contracts, §813 ; Chitty on Contracts, 378, 379, 380 ; 2 Kent, 504, note c ; see also 2 Mees & Welsb. 614, 617 ; 7 Barn & Cres. 26 ; Clarke v. Spence, 4 Adolph. & Ellis, 448, S. C. ; 6 Nev. & Man. 399 ; 1 Taunton, 318 ; 21 Pick. 205 ; 8 Barn. & Cresswell, 277.)

In this case, there was no actual delivery by the vendor. The gin is said to have been ready for the vendee ; but there is no evidence that he was notified of that fact, and especially is there no evidence of the essential circumstance, that the gin was either accepted or approved by the defendant; without his actual receipt, acceptance or approval, the property did not pass, and no action could be maintained against him on an averment of sale and delivery. He might have been sued for non-acceptance of the gin, and on proper averments and proof, he might be made to respond in damages ; but he is not liable, under the evidence, for the value of the gin, as an article of property which has been sold and delivered to him. The gin is not his property. It belongs to the vendor, and he can appropriate it to whom he please ; what may be the degree or character of the responsibility of the defendant, it is not necessary to discuss. It is sufficient, that the proof does not subject him to any liability for the gin, in this action.

One of the instructions of the Court was to the effect, that if a mechanic agree to furnish an article, and no place of de-

livery is named in the contract, the place of manufacture is in law deemed the point of delivery ; and if the mechanic complete the article according to his contract, and set it apart for the vendee, at the place of delivery, the article thus set apart is from thence at the risk of the vendee.

It will be seen that this instruction, when tested by the rule cited from the authorities, is erroneous. Goods, when manufactured to order, must not only be set apart, but they must be delivered by the mechanic, or they must be accepted or approved by the vendee, before they become his property or are at his risk.

The Court, by another instruction, charged the jury, that the plaintiff had a right to recover, on the amount of damages they might assess in his favor, at the rate of eight per cent. per annum, by way of fixing the whole amount of damage, from the time of the breach of contract by defendant.

This action, according to the allegations, is one to recover the price of certain goods, manufactured by plaintiff, and sold and delivered to defendant. It differs from a common action for goods and wares sold, in no important particular, except that the price was not to be paid in money, but in corn at the rate of 75 cents per bushel. Corn rose to one dollar and twenty-five cents per bushel, so that instead of being paid three hundred dollars, the cash value of the articles, the plaintiff claims five hundred dollars. This is an increase of sixty-six and two-thirds per cent. on the original and customary price; quite a handsome profit. The goods were sold on credit, and as it turns out, at quite a high price. Why should interest be added, when merchants, blacksmiths, carpenters, masons, or other mechanic, or tradesman cannot receive interest on their accounts. Their debtors may have promised to pay at a particular time, but that will not give interest, unless the contract be in writing, or there be an agreement to pay interest. There is no difference in fact or merit between the account of a ginwright and that of a carpenter, and the law recognizes no distinction. Nor does it give interest in one, and withold it in

the other.   There are cases where the law allows interest, not as interest, but by way of damages.   But this is not such case. This, according to the frame of the petition, is but a common action for the price of goods, and if damages be allowed in this, it may be assessed on all other open accounts.

We are of opinion that the judgment is erroneous, and it is ordered that the same be reversed, and the cause remanded for a new trial.

Reversed and remanded.