L. Orynski et al. v. Erich Menger.

Delivered February 17, 1897.

**Pleading—Variance—Express and Implied Contract.**
Where plaintiff sues upon an express contract only, he is not entitled to recover upon proof of an implied contract.

Appeal from Bexar. Tried below before Hon. Robert B. Green.

*Leo Tarlton*, for appellants.—The court erred in its charge in not instructing the jury, that if they found from the evidence that defendant authorized plaintiffs to procure a purchaser for the property described in plaintiffs' petition, and if they found from the evidence that in fact defendant did sell said property, and that plaintiffs were the procuring and efficient cause of such sale, whether such sale was made for the price or upon the terms plaintiffs were authorized to sell for or not, plaintiffs were entitled to recover. 1 Warvelle on Vendors, sec. 26, p.

24; Mechem on Agency, p. 793, sec. 766 et seq.; Barnes v. Hill, 2 Will-son, C. Cas., 523; Woods v. Stevens, 46 Mo., 555; Hewitt v. Brown, 21 Minn., 163; Redfield v. Tegg, 38 N. Y., 212; Stewart v. Mather, 32 Wis., 344; Hoefling v. Hambleton, 19 S. W. Rep., 689; Moody v. Thornton, 24 S. W. Rep., 331; Bowser v. Field, 17 S. W. Rep., 45; Byrd v. Frost, 29 S. W. Rep., 46; Graves v. Bains, 78 Texas, 92.

*Peter Shields* and *Upson, Bergstrom & Newton,* for appellee.—In order to recover in this case appellants must show:

1.   That they were the duly authorized agents of appellee as alleged.

2.   That they procured the Butchers' and Saloonmen's Association as a purchaser, ready, able and willing to buy on the terms submitted by appellee, as alleged.   And,

3.   That if the sale was not consummated, it was through the fault of appellee, as alleged.   Dunn v. Price, 28 S. W. Rep., 681; Thornton v. Stevenson, 31 S. W. Rep., 233; Meston v. Davies, 36 S. W. Rep., 805; Lyle v. Land Co., 30 S. W., Rep., 723; Viley v. Pettit, 29 S. W. Rep., 438; Edison v. Saxon, 30 S. W. Rep., 957.

JAMES, CHIEF JUSTICE.—The petition alleged that appellee on or about April 5, 1895, contracted with appellants, that if they would procure for him a purchaser for a certain ice factory and incidents thereto, for $12,000, part cash, not less than $1000, and the balance in notes bearing interest at eight per cent per annum, he would pay them a commission of ten per cent thereof.   That on May 4, 1895, plaintiffs. found a purchaser, to-wit, The Butchers' & Saloonmen's Association, who were ready and able to comply, and arranged with them such a sale for plaintiff, and thereupon, or soon after, notified defendant of the arrangement, and that defendant refused to consummate the sale. The petition further alleged that on or about May 23, 1895, defendant sold the property to another for $11,000 in cash, and prayed for judgment for $1200.

The answer consisted of a general denial, and special denial of any such contract of agency and sale as alleged, or any such employment of plaintiffs.

The testimony was conflicting and such that the jury was warranted in arriving at the conclusion that defendant had not entered into a contract with plaintiffs, nor employed them, in reference to a sale of the property.   This, in deference to the verdict, is our conclusion of fact.

*Conclusions of Law.*—The above conclusion requires an affirmance of the judgment, unless appellant's assignments touching the charges are well founded.

The first, second and third and seventh and sixth assignments complain that there was error in the charge of the court in limiting plaintiffs' right to recover a contract as alleged in the petition.   It will be observed that the case stated in the pleading is that defendant engaged

plaintiffs to find a purchaser on certain terms of sale, and that they found such a purchaser. The charges proceeded on this state of case, and as to their correctness as presentation of the law in respect to that theory, there is no question.

The charges refused by the court and mentioned in the seventh and sixth assignments are not perceptibly different from the charges given, save that in the latter, the court confines inquiry to performance according to a contract as alleged, and the refused charges did not so confine the jury, but admitted of their finding for plaintiffs by reason of their procuring a purchaser for defendant on any terms satisfactory to him.

If it be claimed by appellants that a phase of the evidence tended to show that there was no contract, but that plaintiffs found a purchaser for defendant's property, and that defendant availed himself of their services, plaintiffs were not entitled to recover on that theory, because it would be an implied contract, and the suit is on an express contract.

Plaintiffs had to recover, if at all, on an express contract. What contract did their testimony go to show? Both plaintiffs testified to the contract having been made precisely as alleged by them, that is to say, a contract with plaintiff to find a purchaser at the price of $12,000, not less than $1000 in cash and the balance in notes, and that they found and reported to defendant such a purchaser. They made no other case by their testimony. If the jury had found the facts to be in accordance with their testimony they would have been entitled to recover, regardless of whether or not defendant expressed his satisfaction with what they had done, or whether he kept the property or sold it. By the charges given, the court submitted the very case made both by plaintiffs' pleading and evidence. Charges that would have allowed the jury to base a verdict in favor of plaintiffs in a different arrangement, would have made a case not authorized by either the pleadings or evidence and therefore erroneous.

Menger, by his testimony, denied any contract with plaintiffs, or employment of them. The jury may have found, and probably did, that such was the case, and if so, their conclusion should be by this court sustained.

There is some evidence tending to show that Menger authorized them to sell at not less than $5000 cash. Upon this theory plaintiffs could not, in any event, have recovered, because they found no purchaser on such terms.

As stated before, plaintiffs' pleading and evidence showed a contract entered into and performed by them in the terms as alleged in the petition, and the charges were as favorable as they could expect upon such case, and the finding of the jury being against them, the judgment should be affirmed.

*Affirmed.*