GROGAN v. ODELL et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 18, 1911.)[1]

1. EVIDENCE (§ 472*)—CONCLUSION OF WITNESS—ADMISSIBILITY.

Where, in an action by a broker for commissions, the testimony of the purchaser that the broker was the procuring cause of the sale was inadmissible as a conclusion of the witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2186–2195; Dec. Dig. § 472.*]

2. ESTOPPEL (§ 71*) — ACTION FOR COMMISSIONS.

A broker employed to procure a purchaser is not estopped from claiming commissions on a sale on mere proof that the owner, prior to the closing of the sale, was informed by the broker that if the sale was closed there would be no commissions due, in the absence of evidence that the owner would not have closed the sale but for such statement.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 173–182; Dec. Dig. § 71.*]

3. CONTRACTS (§ 346*)—ISSUES.

Where one sues on an express contract without alleging an implied contract, proof of an implied contract is not admissible.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

Appeal from Ochiltree County Court; R. I. Hanna, Judge.

Action by E. G. Odell and another against J. G. Grogan. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Hoover & Taylor, A. E. Scott, and Leslie Humphrey, for appellant. W. F. Shipp, R. T. Correll, and Allen & Allen, for appellees.

GRAHAM, C. J. This is an appeal from a judgment for the sum of $320, based on the verdict of a jury, rendered in the county court of Ochiltree county on October 7, 1910. The record shows that E. G. Odell and E. T. King, as plaintiffs below, appellees in this court, as real estate brokers, sued J. G. Grogan, as defendant below, appellant in this court, for $320, claimed to be due them as commissions for negotiating a sale of lands for Grogan. The material portion of

[1] Filed in the Court of Civil Appeals for the Second Supreme Judicial District at Ft. Worth February 11, 1911, and transferred to this court by order of the Supreme Court July 1, 1911.

plaintiffs' petition and wherein their cause of action is set forth and alleged in full, after describing the lands and alleging the ownership thereof in Grogan and his desire of selling same, states the contract of enlistment or agency as follows: "About said date he listed with plaintiffs for sale said section of land and employed plaintiffs to sell same at the price of $10.00 per acre, and agreed to pay plaintiffs five per cent. on the price of said land as compensation for their services in selling said land."

The statement of facts shows substantially: That some time before the sale plaintiffs, though apparently farmers, had been also doing some real estate brokerage business; Odell showing the lands, and King procuring prospective purchasers. That shortly before the land was sold Grogan asked Odell to find a purchaser for him for his section of land, and Odell informed him that he would probably find a purchaser, and asked Grogan the least figure that would buy the land. The evidence also shows that Grogan informed him of the lowest price that would buy the land, though the evidence of Grogan and Odell is conflicting as to the price named. That thereafter the land was conveyed by Grogan to McClung and McCutcheon for $7.75 per acre, the purchasers assuming and agreeing to pay $2.25 per acre, in the form of an indebtedness then outstanding against the land and secured by lien thereon. That said purchasers resided outside of this state and came to Ochiltree county as land-buying prospectors at the instance of the plaintiffs. That on their arrival Odell showed them Grogan's land, but as they could not agree on a sale and purchase thereof, Odell showed the proposed purchasers other lands and proposed to sell the same, though no sale thereof was effected; on their separation the proposed purchasers indicating that they would likely take lands shown them other than the land of Grogan. That thereafter McClung approached a man by the name of Lillie and asked him what he had in lands to show him, whereupon Lillie asked McClung if he was through with Odell, and McClung informed him that he was through with Odell (and in effect could not trade with him). Lillie went with McClung to see Grogan, and the sale was consummated. During the negotiations, however, on the occasion when the sale was consummated and before the trade was closed, King, Odell's partner, being present, in the presence and hearing of the proposed purchaser, Grogan and Lillie, stated that, if the sale was closed on the terms proposed, there would be nothing in it for him; Grogan understanding from this statement that the firm of Odell & King would not claim any commission if the sale was closed on the terms proposed, as Grogan was discounting the price of his lands

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

in order to close the same, though the evidence fails to show whether or not Grogan would have closed the sale but for King having made said statement and Grogan having so believed therefrom. There was no evidence introduced showing, or tending to show, that Grogan had agreed to pay a 5 per cent. commission, as alleged in plaintiffs' pleadings, or any other stated compensation. In fact, the record is silent as to whether or not Grogan agreed to pay any commissions. On the trial of the case below, appellees were permitted to prove, over appellant's objection preserved by proper bill of exception, that 5 per cent. was the usual and customary charge for selling lands in that vicinity. Appellees were also permitted to prove by the purchasers, over appellant's objection, preserved by proper bill of exception, that Odell & King, as the agents of Grogan, were the procuring cause of the sale.

[1] As under the evidence there was an issue as to who was the procuring cause of the sale, we think it was error to permit the witness to answer this question. His answer on this issue should be confined to what was done and said, allowing the jury, under a proper charge, to decide who was the procuring cause of the sale, under all the circumstances.

Ordinarily, the admission of this class of evidence would not be by this court held reversible error, for the reason that ordinarily a purchaser would be allowed to state who induced him to make the purchase; that, however, was one of the material questions in this case, as presented by the record, and to permit a witness to answer such a question we think amounts to allowing the witness to answer one of the questions that should be, left exclusively to the jury.

The case of Duval v. Moody, 24 Tex. Civ. App. 627, 60 S. W. 269, is in many respects like the one under consideration, and in that case Judge Neill, late of the San Antonio Court of Civil Appeals, in effect held that under the evidence in that case the real estate agent, who first showed the land to the person who afterwards became the purchaser, was not the procuring cause; another real estate agent having about two months thereafter closed the sale.

[2] As the statement of facts fails to show that Grogan would not have closed the sale but for the statement made by King in his presence before the sale was closed, notwithstanding he understood from said statement that no commission would be claimed by Odell & King, even if the proof was sufficient to warrant him in so believing, we think the court did not err in failing to charge on estoppel, for the reason that, as we understand the law, estoppel will not avail except it be shown that injury will result otherwise; and, unless it were first shown in this case that Grogan was induced to do that which he would not have done but for said statement, no injury is shown.

[3] There was also error in admitting proof tending to show the reasonable compensation for selling lands in the vicinity where the land in controversy was sold, for the reason that there was no pleading authorizing the introduction of such testimony.

Our courts have held in many cases, and so far as we are aware no decision to the contrary can be found, that, where a party sues upon an express contract, there being no allegations in the pleadings of an implied contract, proof of an implied contract is not admissible, nor can a recovery be had on proof of an implied contract. See Gammage v. Alexander, 14 Tex. 414; Orynski v. Menger, 15 Tex. Civ. App. 448, 39 S. W. 388; Morrison v. Bartlett, 131 S. W. 1146.

On the record, as it comes before us, it would appear therefrom that appellant's special charge No. 5, which was a peremptory instruction for appellant, should have been given, as the record fails to show any proof that the contract sued on was made as alleged, though, under all the circumstances, we have concluded, because of the errors indicated, to reverse and remand the cause, and it is so ordered.