BAGLEY v. BRACK et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 29, 1913. Rehearing Denied Feb. 26, 1913.)

1. CONTRACTS (§ 346*)—PLEADING—PROOF.
The plaintiff cannot recover in a suit based solely on an express contract, unless the evidence sustains the exact contract alleged in the pleadings.
[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

2. ANIMALS (§ 23*) — ACTION BY BAILOR — COMPLAINT—CONSTRUCTION—EXPRESS CONTRACT.
In a bailor's action for the value of a colt, a complaint, alleging that plaintiff placed a colt of a certain value with defendant for pasturage and keeping, at a certain price per month, and that defendant agreed to pasture and care for the colt and return the same upon demand, declared solely upon an express contract.
[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 43–48; Dec. Dig. § 23.*]

3. BAILMENT (§ 11*)—CARE BY BAILEE—REDELIVERY.
While the law implies a contract by the bailee to return the identical property, he is bound to exercise only ordinary care in preserving and protecting it while in his custody.
[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 33–36; Dec. Dig. § 11.*]

4. BAILMENT (§ 31*)—ACTION BY BAILOR—BURDEN OF PROOF.
Where a bailor proves delivery of property to the bailee and the bailee's failure or refusal to return the same, the burden is then on the bailee to relieve himself from liability by showing that the property was not lost through his negligence.
[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. § 31.*]

5. ANIMALS (§ 22*)—CONTRACT — CONSTRUCTION.
A contract under which a bailee agreed to care for a colt, to treat it for minor sickness or injury, and to notify the bailor of serious sickness or injury, was not an express contract by the bailee to safely keep and return the colt, so as to make the bailee an insurer.
[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 40–42; Dec. Dig. § 22.*]

6. ANIMALS (§ 23*) — ACTION BY BAILOR — PLEADINGS—DEFENSES.
In a bailor's action for the value of a colt which the bailee fails to return, the plaintiff need not plead fraud and negligence on the part of the bailee; their absence being a matter of defense.
[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 43–48; Dec. Dig. § 23.*]

7. PARTNERSHIP (§ 279*)—DISSOLUTION—LIABILITIES TO THIRD PERSONS.
It could not affect a bailor's right to recover against two bailees for the value of a colt that the bailees during the bailment dissolved partnership, and agreed that one should be entirely responsible for the animals placed with them for pasturage, especially where the bailor had no knowledge of such dissolution agreement.
[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 636, 637; Dec. Dig. § 279.*]

8. APPEAL AND ERROR (§ 1011*)—JUDGMENT—CONFLICTING EVIDENCE.
The findings of the trial court on conflicting evidence will not be disturbed on appeal.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

9. APPEAL AND ERROR (§ 1175*)—DECISION—LIMITATION OF ACTIONS.
On a case being reversed, it will not also be rendered merely because the cause of action will be barred on another trial if the statute of limitations be taken advantage of as a defense.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Bexar County Court for Civil Cases; Hon. G. W. Huntress, Judge.

Action by A. A. Brack against N. R. Bagley and another. From the judgment Bagley appeals. Reversed and remanded.

O. M. Fitzhugh, of San Antonio, for appellant. J. I. Kercheville, J. F. Carl, and McFarland & Lewright, all of San Antonio, for appellees.

TALIAFERRO, J. A. A. Brack, appellee, sued N. R. Bagley, appellant, and P. A. Vance, in the county court of Bexar county, as partners, for $250, the value of a colt. Appellee alleged as his cause of action that: "On July 17, 1908, he placed with defendant for pasturage, from month to month, one black mare colt, of the reasonable market value of $250, agreeing to pay to defendants for pasturage and safe-keeping of said colt the sum of $1.50 per month for each and every month during which said colt might remain in the care and custody of defendants, and defendants agreed to pasture and care for said colt during such time as plaintiff might pay the aforesaid sum per month, and return said colt to plaintiff upon demand being made therefor." He further alleged that he had paid the pasturage as it became

due, and that about May 15, 1909, he demanded of appellants the return of the colt, but that appellants failed and refused to return the same or account for its value. Each defendant pleaded the general denial; each denied that he had agreed to return the colt to appellee, and each claimed to have been discharged from primary liability by contract with the other, and each asks for judgment over against the other. Appellant Bagley also by special plea alleged that the colt died while in said pasture, and that its death was not caused by the negligence or carelessness of him or his servants, that he did not guarantee the safe return of said colt, and that the same was placed in the pasture, if at all, without his knowledge or consent. Vance specially pleaded that the partnership between him and Bagley had been dissolved on January 25, 1909, and that said Bagley was from that date solely liable for stock in said pasture. The case was tried without a jury, and the court rendered judgment for Brack against Bagley and Vance for $250, and interest from May 15, 1909, and in favor of Vance over against Bagley for a like amount. Bagley perfected this appeal, and, as his first assignment of error, says the court erred in rendering judgment in favor of appellee against appellant, because suit was based upon an alleged express contract of the appellant to return appellee's colt, which allegations of express agreement the evidence wholly failed to support; that this fact created a fatal variance between the allegations in the petition and the proof, and defeated appellee's right to recover.

[1-5] The first proposition under this assignment is that in a suit on a contract plaintiff cannot recover when the evidence does not sustain the exact contract alleged in the pleadings. The proposition states an axiom of the law. Mason v. Kleberg, 4 Tex. 86; McGreal v. Wilson, 9 Tex. 427; Gammage v. Alexander, 14 Tex. 418; W. U. Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549; Nunn v. Townes, 23 S. W. 1117; Battaglia v. Thomas, 5 Tex. Civ. App. 563, 23 S. W. 1118; Orynski v. Menger, 15 Tex. Civ. App. 448, 39 S. W. 388. The question is, Does the petition in this case declare solely upon an express contract? We do not think the language can be construed in any other manner. In bailments the law implies a contract on the part of the bailee to return the identical property. Cyc. vol. 5, p. 184, and cases there cited. He is, however, bound to the exercise of only ordinary care in preserving and protecting the same while in his custody. When the property is lost and the bailor seeks to recover its value, he need only allege and prove its delivery to bailee and the bailee's failure or refusal to return it. The burden then devolves upon the bailee to defend himself from liability by showing that the property was not lost by reason of his negligence. But the bailor need not rely upon the legal presumptions if he has made a special contract with the bailee. An express agreement to safely keep and return the specific property would be a virtual contract of insurance, and if such an express contract existed between the parties, the bailor would not probably be satisfied to plead and rely upon an implied contract from which the bailee could escape by proof of ordinary care. The language of this contract as alleged in the petition is as follows: "Plaintiff placed with defendants for pasturage from month to month, one black mare colt, of the reasonable market value of $250.00, agreeing to pay to defendants for pasturage and safe-keeping of said colt the sum of $1.50 per month for each and every month during which said colt might remain in the care and custody of defendants and defendants agreed to pasture and care for said colt during such time as plaintiff might pay the aforesaid sum per month, and return said colt to plaintiff upon demand being made therefor." It is plain that appellee took his stand upon an express agreement under which appellant was obliged to deliver to him the specific property, or respond in damages, and if this express contract had been proven it would not have availed the appellant to prove that he was without fault. No amount of care on his part would have excused him from returning the colt upon demand, or paying its value. The proof in this case did not establish an express contract. It was, in substance and briefly, as follows: Appellee placed his colt in appellant's pasture, agreeing to pay $1.50 per month pasturage. Appellant agreed to care for the colt, to treat it for minor sickness or injury, and to notify appellee if it became seriously sick or was seriously injured. The appellant's first assignment of error will be sustained. Shiner v. Abbey, 77 Tex. 1, 13 S. W. 613; Armstrong v. Cleveland, 32 Tex. Civ. App. 482, 74 S. W. 789; Moore v. Kennedy, 81 Tex. 146, 16 S. W. 740, and cases there cited.

[6] There is no merit in the second assignment of error. It was not incumbent upon appellant to allege or prove fraud or negligence. In the absence of excuse which the law recognizes as a defense, it was the duty of appellant to return the colt to appellee when demanded, and not to do so was a wrong. The absence of fraud and negligence on the part of the bailee are matters of defense.

[7, 8] The third, fourth, and fifth assignments charge error in the judgment in favor of P. A. Vance over against appellant, Bagley. This was not error. It is not denied that Bagley and Vance were partners. The disputes between the partners were immaterial so far as appellee was concerned. It could not affect the appellee's right to recover, even if true, that one of the partners had repudiated the authority of an agent of the firm, especially since it is shown that appel-

lant had no knowledge of such repudiation. The court found as a fact that Bagley and Vance dissolved partnership on January 25, 1909, and at that time agreed that Bagley should be "entirely responsible for all animals placed with defendants for pasturage," and also that the colt was seen alive in the pasture after January 25, 1909. Though the evidence is conflicting, there is evidence from which these facts could be reasonably found, and, the trial court having so concluded, his findings will not be disturbed.

The court did not err as charged by appellant's sixth assignment of error in failing to find additional facts enumerated there. Such of those facts as were material are deduced from evidence which was contradicted. The findings of the trial court upon conflicting testimony are final.

[9] Appellant takes the position that if this case is reversed, it should be rendered because it is apparent of record that the cause of action upon another trial will be barred by the statute of limitations. If the action is barred, which question we do not pass upon, that would be no reason for rendering judgment in this court. The bar of the limitation is a matter of defense. Some people will not take advantage of the statute of limitation to defeat a debt, and we would not assume, if we could, that the appellant will do so in this case.

The judgment of the lower court is reversed, and the cause remanded.