## GANS v. BRASSELL et al.

### No. 9415.

Court of Civil Appeals of Texas. San Antonio.

Oct. 10, 1934.

Rehearing Denied Oct. 31, 1934.

Dielmann & Forster, of San Antonio, for appellant.

Weber & Wolfe, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted in the Thirty-Seventh district court of Bexar county, Tex., by appellant herein, A. H. Gans, doing business under the name of San Antonio Finance Company, against W. W. Brassell, doing business under the name of Crosby Street Body Company, and Southern Transfer Company, seeking judgment against Brassell for the amount of principal, interest, and attorney's fees due upon a certain note for the principal sum of $350, together with the foreclosure of an alleged chattel mortgage lien upon certain automobile bodies; the one herein involved being described as follows: "1 Moving Van (in course of process for Southern Trf. Co.)."

Brassell filed no answer and appellant secured judgment against him by default. When appellant rested, appellee Southern Transfer Company moved for an instructed verdict denying appellant a foreclosure of any lien against the moving van which it had purchased from Brassell. This motion was granted by the trial court and judgment was entered denying a foreclosure as to this van body. Appellant, Gans, here assigns this action of the trial court as error.

The evidence shows that this moving van body was constructed by Brassell for the Southern Transfer Company, according to the plans and specifications contained in a contract between these two parties. The contract provided that Brassell was to furnish the material and labor and to construct the van according to the plans and specifications contained in the contract, and the Southern Transfer Company was to pay $1,050 for the van when completed and delivered to it, subject to the right of inspection.

The van body was completed and delivered to appellee about November 6, 1929, and fully paid for by appellee. On about October 13, 1929, however, Brassell had executed the above-described note and a mortgage on certain personal property, including this moving van body. The van was about half completed at the time the mortgage was executed. The mortgage was at once recorded.

The question here presented is: Were the rights of appellee under the contract superior to the chattel mortgage? The contention is made that this contract was nothing more than a contract for material and labor and the van was never the property of Brassell, and he could not, therefore, execute a valid chattel mortgage on the same. We do not agree with this contention.

It is settled law in this state that where a person contracts to construct a certain article, such as a moving van body, and he agrees to furnish the material and to supervise all the work, and the other party agrees to pay a certain price when it is finished according to plans and specifications, such a contract is a sales contract and the manufactured article belongs to the manufacturer until finished and set aside for the purchaser. Until this has been done the manufacturer may treat such property as his own and mortgage or otherwise transfer it to another. Gammage v. Alexander, 14 Tex. 414; Pierce Oil Co. v. Carroll (Tex. Civ. App.) 277 S. W. 220.

Appellant made out a prima facie cause of action entitling him to foreclose his lien upon this moving van body, but as the trial judge granted appellee's motion for an instructed verdict appellee did not introduce any evidence, as he no doubt would have done if his motion had been overruled.

Therefore, that part of the judgment below denying a foreclosure of the lien upon this van body will be reversed, and this cause will be remanded for a new trial as to this phase of the case.

Reversed and remanded.