## JOHNSTON v. PITTSBURG MARBLE & GRANITE WORKS.

### No. 4942.

Court of Civil Appeals of Texas. Texarkana.

April 10, 1936.

Rehearing Denied April 30, 1936.

Florence & Florence, of Gilmer, and C. G. Engledow and J. A. Guest, both of Pittsburg, for plaintiff in error.

T. C. Hutchings and Sam Williams, both of Mt. Pleasant, for defendant in error.

HALL, Justice.

Defendant in error brought this suit in the county court of Camp county against plaintiff in error for damages for the breach of the following sales contract:

"J. H. Warrick, Proprietor.

"Pittsburg, 6/29, 1932.

"I hereby authorize the Pittsburg Marble and Granite Works to manufacture for my lot design Special Woodhouse No. ——— and manufactured out of Grey Granite Best material.

"Size
{
Die 12 x 1 x 2.6 Ax 5 Urn 1 slab
2.6 x 6.5 x 0.6 Vase BB 14 x 2 x 1
Wash Ax R a 1 slab 2.6 x 5 x 0.6
Plinth BB ——— Cls. C. B. ———
Gap ———
}

"Said monument to be delivered on or about September, 1932, or a reasonable length of time thereafter at Gladewater for which I agree to pay $875.00 when erected.

"It is agreed and understood that the above Tombstone, though delivered and set

up, shall remain the property of the Pittsburg Marble and Granite Works until entirely paid for, and may be removed by them at any time, payable at their office. Interest at the rate of 10 per cent. per annum from delivery of work until paid, and 10 per cent. attorney's fee if collected by law. No agreement or promise not embodied in this contract will be recognized.

"No.————

"Salesman J. H. Warrick
"(Signed) C. B. Johnson
."Read Order Carefully."

Defendant in error alleged that plaintiff in error breached said contract of sale on or about September 17, 1932, and on account of said breach plaintiff had suffered damages in a sum equal to the difference between the actual cost of the monument furnished and erected at the cemetery in Gladewater and the contract price thereof, amounting to $475. That it was at all times able, willing, and ready to perform its contract, and that the material ordered by it for the job was a special order and had no market value either at Gladewater or at Pittsburg.

The plaintiff in error first filed a plea of privilege which was overruled by the court. In his answer to the merits of the the case, he admitted the execution of the contract of sale, and alleged that he was at all times between June 29, 1932, and September 15, 1932, able, ready, and willing to accept and pay for said monument, but on account of delay on the part of defendant in error in completing said monument and the fact that the material for the same had not been received by defendant in error on September 15, 1932, he countermanded said order.

The case was submitted to a jury on special issues which were answered favorably to defendant in error. The trial court entered judgment for defendant in error for $475 damages, from which plaintiff in error prosecutes his appeal to this court.

It appears that defendant in error did not have on hand at its plant in Pittsburg the material out of which to manufacture this monument, but as soon as the order was received it ordered the material first from Georgia, and, on failing to receive same, reordered it from South Carolina. On the date plaintiff in error claims he countermanded the order the material had not arrived at Pittsburg, but same did arrive a few days thereafter, and on the day defendant in error contends that the order was countermanded and breached by plaintiff in error. Nothing was done toward the manufacture of the material into a monument in accordance with the sales contract after its arrival in Pittsburg on account of the act of plaintiff in error in countermanding the order.

Plaintiff in error complains of the action of the trial court in respect to the issue submitted to the jury on the measure of damages, and also in excluding certain testimony as to the disposition by defendant in error of the material ordered for the monument. In response to special issue No. 1, the jury found that it would cost defendant in error $400 to furnish the material, manufacture, deliver, and erect the monument at Gladewater, Tex. The contract price of the monument was $875. Thus the court determined the amount suffered by defendant in error as being the difference between the cost of the monument manufactured and erected, as found by the jury, and the contract price. In suits of this character the general rule is that the measure of damages for failure to take an article made to order is the difference between the contract price and the value of the article in the condition it was in when the seller was notified that the buyer had repudiated his contract. Gammage v. Alexander, 14 Tex. 414, 420; Tufts v. Lawrence, 77 Tex. 526, 14 S.W. 165; Sabine Tram Co. v. Jones (Tex.Civ.App.) 43 S.W. 905; Shaenfield v. Hall Safe & Fixture Co. (Tex.Civ.App.) 157 S.W. 462. However, there seems to be an exception to the general rule set out above to the effect that where the seller, after breach by the buyer in taking articles to be manufactured, uses the material in manufacturing other articles, which are sold at a profit, the profits so realized are to be deducted from the amount of damages the seller suffers on account of the breach. Diamond State Iron Co. v. San Antonio & A. P. R. Co., 11 Tex.Civ.App. 587, 33 S.W. 987, writ refused. It will be seen that the trial court applied to this case the general rule first set out above without regard to any disposition that the defendant in error might have made of the material bought to be used in manufacturing the monument. It seems to us that the exception should modify the general rule when applied to the case at bar. If the defendant in error used the material bought by it for the purpose of manufacturing the monument for other purposes

out of which it realized certain profits, then such profits should be deducted from the damages found to be owing the defendant. in error as the result of the breach of said contract of sale by the plaintiff in error. Therefore, in our opinion, the trial court erred in refusing to permit plaintiff in error to introduce evidence as to the disposition made of and the profits derived, if any, from the material ordered for the monument.

The other assignments of error brought forward present no error, and are overruled.

For the error pointed out above, judgment of the trial court is reversed and the cause remanded.