**MANNING RUBBER CO. v. BLACKSTONE DRUG CO.**

No. 4891.

Court of Civil Appeals of Texas. Amarillo.

April 18, 1938.

1138

E. H. Ratcliff, of Fort Worth, for appellant.

McGown, McGown, Godfrey & Logan, John M. Scott, Jr., and B. E. Godfrey, all of Fort Worth, for appellee.

JACKSON, Chief Justice.

The Manning Rubber Company, the corporate appellant, instituted this suit in the county court at law of Tarrant county against the Blackstone Drug Company, the corporate appellee, to recover the sum of $513, with interest and attorneys' fees, alleged to be an unpaid balance due appellant by appellee on a written contract.

The appellant alleges that it entered into the contract with appellee on May 7, 1936, by the terms of which it agreed to sell and deliver and appellee agreed to buy 100,000 cellophane wrappers for the sum of $570; that, pursuant to the contract, the appellant delivered 5,000 wrappers and appellee paid the sum of $57 on the price of the entire purchase; that appellant has at all times been ready, willing, and able to deliver the balance of said wrappers, as per the agreement, but was notified by appellee prior to the expiration of the contract that no more of such cellophane wrappers would be accepted.

The appellee answered by general demurrer, general denial, and specially pleaded that, before the execution of the contract sued on, the appellant, acting through its authorized agent, proposed to furnish transparent cellophane wrappers in each of which could be sealed a $1 bill in lawful currency of the United States; that the wrapper was a legitimate scheme and would contain certain advertising matter stamped thereon which, as well as the denomination of the bill, could be read through the transparent cellophane and serve to advertise appellee's business; that in reliance on these representations appellee entered into the contract and the appellant delivered a portion of the wrappers, which were accepted and paid for, but thereafter an agent of the United States advised appellee that sealing the bills in cellophane for advertising purposes was unlawful and, if such practice was continued, it would be subject to prosecution by the government; that thereafter the appellant tendered an additional number of such wrappers, which were received and paid for, but the appellee then and there informed appellant that no further orders of such wrappers would be received by it, inasmuch as the contract was illegal.

He also alleges that the contract was known to both parties to be unlawful, illegal, against public policy and in violation of sections 290 and 291 of title 18 of the United States Code, 18 U.S.C.A. §§ 290, 291.

The case was submitted to the court without the intervention of a jury and judgment entered that appellant take nothing by its suit and appellee go hence with its cost.

The court filed conclusions of fact, among which, he finds, in effect, that the contract provided that the cellophane wrappers should have thereon certain advertising matter and were to be used in which to seal United States currency; that 10,000 of said wrappers were paid for but only 7,000 delivered; that appellee was advised by an agent of the United States government that it was violating the law in using wrappers on currency and unless it ceased it could expect trouble; that thereafter he notified appellant that no more of the wrappers would be accepted and after such notice the appellant did not manufacture or begin to manufacture any wrappers for which it had not been paid in full; that the contract was executory at the time notice was given, and under the testimony the appellant sustained no damages by the failure of appellee to receive any of the unaccepted cellophane wrappers. Under these findings the court concluded as a matter of law that the appellant was not entitled to recover any damages.

There are numerous other findings of fact and conclusions of law contained in the record, but, under the view we take, they are immaterial to this appeal.

The appellant contends that the action of the court in holding that the testimony failed to show that it sustained any damages because appellee repudiated its contract is erroneous in fact and in law since the testimony, it asserts, shows beyond controversy that the wrappers had to be specially made for appellee and that they could not have been sold to or used by any other person.

On the wrapper in which each dollar bill was to be sealed, this language was printed: "This dollar is good for $1.10 in trade at the Blackstone Drug Store, Blackstone Hotel, Jack Collier, Manager, Expert Pharmacist, Fort Worth, Texas, Where the West Begins. Patent Pending, Copyrighted Manning Rubber Company, Fort Worth, Texas. Texas Frontier Centennial, 1836 to 1936. July 1st, through 1936, Fort Worth, Texas, The Friendly City. Please keep bill enclosed."

This language, we think, would justify the conclusion that the cellophane wrappers involved were to be specifically prepared for appellee by appellant, but, if this be conceded, it does not follow that appellant had completed the preparation thereof at the time the appellee advised that no more of such wrappers would be accepted, nor that the court was in error in holding that the testimony failed to disclose that appellant had sustained damages. The appellant sought to recover the balance of the unpaid contract price of the wrappers, not damages for breach of contract.

There are no allegations in the petition and no testimony in the record to the effect that appellant had ever completed the contract, prepared for appellee any of the 100,000 wrappers covered thereby except the 10,000 paid for, only 7,000 of which were delivered. There is no contention that appellant sustained any damage by loss of material, labor, profit, or incurred any expense by reason of the repudiation of the contract by appellee.

In Tufts v. Lawrence & Co., 77 Tex. 526, 14 S.W. 165, 166, the court holds that:

" 'In America there is substantial uniformity in holding that a sale of an article "to be manufactured" is executory, and no title ordinarily passes until the thing is completely done; * * * and it is even held that the title does not vest immediately upon completion, but only after notice to the vendee, or some act of the vendor setting it apart, marking it, or some other similar act. * * * But when the article is completed, and the buyer notified thereof, the title passes, unless the seller is bound to deliver elsewhere; and therefore he can recover the price.' Benj.Sales, 279, 283.

"The rule upon the subject was stated by this court in the case of Gammage v. Alexander, 14 Tex. [414] 420, in the following language, quoting from Story on Sales: 'Where the contract of sale is executory, and for an article which is not in existence at the time of the sale, but is to be manufactured or made, or is to be grown, no property therein passes to the vendee until the thing is not only completely finished and ready, but is either actually delivered to him, or at least is set aside and appropriated to him, and accepted by him.' "

The cellophane wrappers required special preparation, and until this was completed title did not pass to appellee and the contract was executory.

In 10 Tex.Jur. p. 468, par. 272, the writer states the rule thus: "The remedy for breach of an executory contract is by an action for damages for a breach, and not by an action on the contract for the contract price." See, also, Johnston v. Pittsburg Marble & Granite Works, Tex. Civ.App., 94 S.W.2d 831, and authorities cited.

In 27 A.L.R., on page 1231, in the annotations under "Action for Purchase Price," the author says: "By the weight of authority, where an executory contract of sale is repudiated by the buyer at a time prior to delivery of the goods by the seller to the carrier for transportation to the buyer, the seller cannot pass title to the goods by making delivery to the carrier so as to entitle him to maintain an action to recover the purchase price."

In view of our conclusion that the trial court was authorized to deny appellant a recovery because it failed to plead or prove that it had sustained any damages by reason of the breach of the contract by appellee, the other assignments become immaterial and do not require discussion.

The judgment is affirmed.