# TEXAS SUPREME COURT REPORTS.

## AUSTIN TERM, 1890.

### M. K. SHINER v. H. P. ABBEY.

#### No. 6606.

1. **Lease of Land—Pleading.**—Plaintiff suing for rent alleged "that about the twentieth day of August, 1884, the defendant enclosed six sections of land belonging to plaintiff, and that by the permission of plaintiff he (defendant) has since that date occupied and enjoyed the use of said land, having promised to pay plaintiff the reasonable value thereof, which has been six cents per acre per annum." The defendant excepted to the petition because it sought a recovery upon an express and an implied contract without sufficient allegations upon either. *Held*, that the exceptions were properly overruled; the petition was good upon an implied contract.

2. **Declarations of Agent—Hearsay.**—It was error to admit over objections testimony in behalf of the plaintiff that the witness had heard an agent of the plaintiff say that "they could not lease the land to him (witness) because it was leased to the defendant."

3. **Practice.**—The pleadings of plaintiff declared upon an implied contract of lease. It was improper to admit evidence to an express contract. The charge should have submitted the reasonable value, to be found upon a recovery by the plaintiff.

APPEAL from Frio. Tried below before Hon. D. P. Marr.

This is an appeal from a judgment for $614 in favor of Abbey against Shiner for rent for 3840 acres of land enclosed by defendant and used since February, 1887. The judgment was rendered October 29, 1887. The opinion sufficiently gives the facts.

*J. M. Eckford*, for appellant.

No brief for appellee has reached the Reporter.

HENRY, ASSOCIATE JUSTICE.—Appellee instituted this suit, charging that about the 20th day of August, 1884, the defendant enclosed six sections of land belonging to plaintiff, and that by the permission of plaintiff he has since that date occupied and enjoyed the use of said land, having promised to pay plaintiff the reasonable value thereof, which has been 6 cents per acre per annum.

Defendant excepted to the petition on the ground that by it it was sought to recover both upon an express and an implied contract without stating facts sufficient to constitute either.

We think the petition states a good cause of action upon an implied

contract, and contains no allegation of an express contract. The exception was properly overruled.

A witness for plaintiff testified, over the objection of defendant, that some time in 1886 he was informed by one Johnson, who was plaintiff's agent, that "they could not lease the land to him because the defendant had it leased."

We think this evidence should have been excluded. The fact that other evidence of the same character had been introduced without objection did not furnish a satisfactory reason for allowing plaintiff to introduce the declarations of his own agent, made out of the presence of the defendant, when they were objected to.

As the case will be reversed, it is proper for us to say, in view of another trial, that as the case stated by the amended petition of plaintiff is founded upon an implied and not upon an express contract, evidence of an express contract should not have been permitted. The record contains some such testimony, delivered by plaintiff, and its admission is assigned as error; but the record fails to show that it was objected to in the court below. McGreal v. Wilson, 9 Texas, 426.

If the plaintiff's pleadings remain as they now are, the charge of the court should present the case to the jury as founded upon an implied and not upon an express contract, and the evidence as to the amount of recovery should be confined to the issue of the reasonable value of the use and occupation of the land, and plaintiff should not be permitted to prove both that and a contract price.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 11, 1890.