GRIFFIN v. ALLISON.

(Court of Civil Appeals of Texas. Dallas. May 27, 1911. Rehearing Denied June 17, 1911.)

1. LIMITATION OF ACTIONS (§ 127*) — NEW CAUSE OF ACTION—AMENDMENT.

Where plaintiff's original petition stated a cause of action for "knowingly" selling plaintiff a glandered horse by reason of which plaintiff's other horses contracted glanders, an amendment alleging that defendant believed, or had good reason to believe, that the horse sold was glandered, or by the exercise of ordinary care could have known the facts, attempted to plead a different cause of action for negligence as distinguished from a willful injury, and the amendment not having been filed until after limitations had run, such cause of action was barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543-547; Dec. Dig. § 127.*]

2. ANIMALS (§ 33*) — DISEASED ANIMALS — COMMUNICATION OF DISEASE.

Where plaintiff sued defendant for knowingly selling him a glandered horse, defendant's liability depended on his knowledge that the horse was diseased, and not on his negligence in failing to discover it.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 83-92; Dec. Dig. § 33.*]

3. PRINCIPAL AND AGENT (§ 166*)—ACT OF AGENT—RATIFICATION—KNOWLEDGE.

Where defendant's son had no authority from him to sell a horse to plaintiff which subsequently turned out to be glandered, and at the time defendant cashed a check given for the horse he did not know that the horse was diseased, or that his son had made any representations to plaintiff concerning the horse's health, defendant did not by cashing the check ratify his son's acts and representations as a matter of law, under the rule that to constitute a ratification of an agent's unauthorized act the principal must have acted with full knowledge of all the material facts.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 627-633; Dec. Dig. § 166.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by A. M. Griffin against D. K. Allison. Judgment for defendant, and plaintiff appeals. Affirmed.

Smith & Wilcox and Abernathy & Abernathy, for appellant. R. C. Merritt, for appellee.

RAINEY, C. J. Appellant brought this suit against the appellee to recover damages for the value of five horses which contracted glanders from a horse sold to him by appellee's son as agent of appellee and placed in an inclosure with horses of appellant.

"Plaintiff's original petition was filed August 9, 1908, in which it was substantially alleged that the defendant at the time of the sale in question, to wit, August 28, 1906, knew that said horse was afflicted with said disease and glanders; and that said sale was a tortious act and in violation of the penal laws of the state of Texas, and that the defendant well knowing the malignant, infectious nature of said disease, and well knowing that the same was incurable, and well knowing that the plaintiff did not know that said horse was afflicted with said disease and glanders, and well knowing that all other horses exposed to said disease would probably contract the same, and in reckless disregard of the rights of plaintiff° and of the penal laws of the state of Texas sold said horse as aforesaid. On May 25, 1910, the plaintiff interlined his original petition after the allegation that defendants knew that said horse was afflicted with glanders the following: 'Or had good reason to believe said horse was so afflicted, and knowing said horse had been exposed to horses so afflicted, and by the use of ordinary care could have known said facts.' The defendant excepted to the allegations contained in said interlinement, on the ground that the same set up a new cause of action, and that the same was barred by the statute of limitation, which exceptions were sustained by the court, and the cause proceeded to trial upon the plaintiff's original petition and the trial of the case resulted in a verdict in favor of the defendant, D. K. Allison."

The first assignment of error is: "The court erred in sustaining defendant's special exceptions (a) as contained in defendant's supplemental answer, and directed against the following allegations of plaintiff's original petition, to wit, 'Or had good reason to believe that said horse was so afflicted, and knowing that said horse had been exposed to horses so affected, and by the use of ordinary care could have known said facts,' and the allegations, 'Or that the same had been exposed to horses so affected.'"

[1] The exception urged to said interlineation was, substantially, that it set up a new cause of action, and was barred by the two-year statute of limitation. If the allegations interlined state a new cause of action, then such action was barred by limitation, and the court did not err in sustaining the exception.

In the case of Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707, Mr. Justice Brown, speaking for our Supreme Court, lays down the test for identity of causes of action as follows: First. Would a recovery on the original, bar a recovery under the amended,

petition? Second. Would the same evidence support both of the pleadings? Third. Is the measure of damages the same in each case? Fourth. Are the allegations of each subject to the same defenses?

The original petition alleged a willful and intentional wrong, while the amendment sought a recovery on the commission of a negligent, but unintentional, wrong. These allegations state different grounds for a recovery. "There are defenses which could be made to a charge of a negligent inflicting of such an injury, such as contributory negligence, which would be no answer to an intentional act." Biggins v. Railway Co., 102 Tex. 417, 118 S. W. 125. The measure of damages is different. If the act of defendant was intentionally and willfully done, he would be subject to exemplary damages, while if only negligently done, he would not be so liable.

The allegation of negligence upon which a recovery was based was made more than two years after the cause of action accrued and it was barred by the two years' statute of limitation and no recovery could be had. We think the exception properly sustained.

The charge of the court confined the right of plaintiff's recovery to a knowledge of defendant that the horse was affected with glanders. Appellant complains of this, and contends, in effect, that the charge misstates the law and does not contain all the law; and, further, that the court should have also embraced in his charge the proposition that if Allison suspected or had good reason to believe that said horse had glanders or some infectious, malignant, and contagious disease at the time of sale, then in either event plaintiff would be entitled to recover, etc.

[2] The allegation of the original petition was based upon a willful intent to commit an injury, and the interlineation setting up in addition thereto liability upon a failure to use ordinary care to discover said horse was diseased, which latter ground of action was eliminated from the case by the sustaining of the exception thereto, we think the court did not err in his charge. Under the pleadings, upon which the case was tried, liability depended upon knowledge of appellee that the horse was diseased, and not upon his negligence in not discovering it. In Land Co. v. McClelland, 89 Tex. 483, 34 S. W. 98, 35 S. W. 474, 31 L. R. A. 669, 59 Am. St. Rep. 70, on the question of liability of the owner for his stock communicating disease to other cattle, it was said on page 495 of 89 Tex.: "That the liability for the results of disease communicated to the cattle of another would depend upon whether or not the owner of such cattle knew of the existence of the disease, and the liability of its communication by reason of association and contact with others." Again, the court says: "If the liability for damages rests upon the ground of negligence, * * * there can be no negligence in permitting such cattle to run at large or upon the land of their owner unless knowledge * * * of their condition as to disease be brought home to the owner, and there being no negligence, liability does not exist." Again, the court says: "If there be no knowledge of the existence of a disease, how could there be negligence in reference thereto?" The contention of appellant is not concurred in.

[3] The tenth assignment is: "The court erred in refusing to give the fourth special instruction which is as follows: 'You are instructed that in determining the issue as to whether or not the defendant D. K. Allison knew that the horse sold by his son, Ray Allison, to W. P. Griffin was affected with glanders or some malignant, contagious disease, that the defendant having ratified the contract of sale by accepting the money for which said horse was sold, would be bound by such knowledge as his son, Ray Allison, had at the time of the sale, whether the defendant was possessed of such knowledge or not.'" This charge assumes that appellee, by receiving the check, ratified the sale and is thereby liable, as though the sale was made by him personally. In order for one to be bound by acts of an agent the principal must have full knowledge of all the material facts relating to the act of said agent.

The evidence shows that Ray Allison, the son of appellee, and who negotiated the sale, had no authority from appellee to sell said horse; that at the time appellee cashed the check appellee did not know that the horse was diseased in any manner, or that the son had made any representations to appellant about the health of the horse whatever.

In the case of Bank v. Jones, 18 Tex. 811, it is said: "No doctrine is better settled on principal and authority than this: That the ratification of an act of agent, previously unauthorized, must, in order to bind the principal, be with the full knowledge of all the material facts; if the material facts be either suppressed or unknown, the ratification is invalid, because founded on mistake or fraud." Again, in the United States Supreme Court, in the case of Bennecke v. Life Insurance Co., 105 U. S. 355, 26 L. Ed. 990, the following doctrine is stated: "It is perfectly well settled that a ratification of the unauthorized acts of an agent in order to be effectual and binding on the principal, must have been made with the full knowledge of all the material facts, and the ignorance, mistake, or misapprehension of any of the essential circumstances relating to the particular transaction alleged to have been ratified will absolve the principal from all liability, by reason of any supposed adoption of or assent to the previously unauthorized acts of an agent." Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 953. Ordinarily, it is the province of the court to determine the question of ratification, but if it should be conceded that there was any evidence

tending to show knowledge of appellee when he accepted the check of the diseased condition of the horse, it was not sufficient to authorize the court in assuming ratification, but the question should have been left to the jury. Bank v. Jones, supra. The court did not err in refusing the charge.

All the assignments presented have been considered. The evidence supports the judgment, and, finding no substantial error in the record, the judgment is affirmed.

Affirmed.