## HEREFORD NURSERY v. DEAF SMITH COUNTY.

(Court of Civil Appeals of Texas. San Antonio. May 31, 1911.)

1. SALES (§ 364*) — ACTION FOR PRICE — INSTRUCTIONS.

Where, in an action against a county for certain trees, plaintiff alleged that the trees were sold to the county by his agent, that it was agreed that the price should not be less than $3 each and might be more, and that the charge for pruning and planting was reasonable, an instruction that plaintiff could recover the market value of the trees, should the jury find that they had a market value, otherwise their reasonable value, and for planting and pruning, not to exceed a specified sum, was erroneous, as eliminating the contract so far as the price of the trees was concerned.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1065-1076; Dec. Dig. § 364.*]

2. SALES (§§ 343, 344*)—SPECIAL CONTRACT—REASONABLE VALUE.

Where plaintiff sought to recover the price as distinguished from the value of certain trees sold to a county, and alleged that it was agreed that the price should be not less than $3 each, plaintiff's cause of action, so far as the trees were concerned, was based on a special contract, and hence he could not recover their value.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 947-955; Dec. Dig. §§ 343, 344.*]

Appeal from Deaf Smith County Court; W. H. Russell, Judge.

Action by the Hereford Nursery against Deaf Smith County. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

S. J. Dodson and W. C. Jones, for appellant. W. M. Megert, for appellee.

JAMES, C. J. This action began in the justice's court against the county on an account for nine large trees, planted in the county jail yard at request of E. F. Connell, $45; also 19 medium trees, as above, $57; planting said trees, $9.80; and pruning same, $4.20—total, $116. The case was appealed to the county court, where plaintiff evidently filed a pleading, which is not in the record; but its substance is given in the statement of facts as follows: "Plaintiff alleges that said trees were sold to said county through its authorized agent, E. F. Connell; that at the time said trees were sold it was agreed and understood that the price of said trees was not to be less than $3 each and might be more; and that the charges of $4.20 for pruning and $9.80 for planting are reasonable." The verdict and judgment in the county court was for $49 in favor of plaintiff, reciting further: "And it appearing to the court that the defendant did prior to the filing of the above suit make a tender of the $49 to the

plaintiff, which amount he refused to accept," the court adjudged all costs against plaintiff.

The first assignment of error is: "This being a suit upon a contract, the court erred in instructing the jury upon a quantum meruit. Supporting this is the proposition that, plaintiff having pleaded a contract and the evidence showing a contract, the court erred in charging upon a quantum meruit. The contract as pleaded, so far as the record informs us, as above stated, was that the price of the trees was "not to be less than $3 each and might be more." This was an allegation that they were to be at least $3 each. Connell was the sheriff, and there is no dispute about the purchase of the trees; the dispute being as to the prices. It was agreed on the trial that the authority of Connell to make a contract in this behalf would not be questioned. Hence we must take it that, if he made a contract for a certain price, it was binding on the county. It is contended by appellant that there was an agreed price. This depends upon the testimony.

Plaintiff's agent, Sechrist, testified that he sold Connell, the sheriff, the trees, and that "it was agreed and understood that none of the trees would cost less than $3 each and would probably cost more. It was further agreed that Mr. Landrum was to plant the trees and prune the same. We did not agree beforehand on the price of pruning and planting the trees." Landrum testified: "I had nothing to do with making this sale, and the fact of the sale and terms were told to me by Mr. Sechrist, my agent. Other than what he told me, I know nothing of said sale; that is, up to the delivery of said trees. The large ones I put in at $5 per tree, and the smaller ones at $3 each. * * * I first presented the claim to E. F. Connell, and he said he was afraid the commissioners' court would kick at my charges, and I then agreed to put all the trees at $3 each, and Mr. Connell O. K.'d the claim, and said commissioners' court rejected the same. I then made out another account, the present one sued on, but the last claim was never presented to Mr. Connell for his approval, and presented it to the court, and the same was rejected, and I then filed suit in the justice's court. * * * The commissioners only rejected this claim in part. They allowed me $49. After the claim was turned down, and before suit was filed, the county treasurer asked me if I would accept a check for the $49, and I told him that I would not. * * * The claim I presented to Mr. Connell was for $3.50 per tree, and Mr. Connell said this was too much. I then reduced my claim to $3 per tree, and then Mr. Connell O. K.'d the account, but said that he did not think the commissioners' court would approve it for that amount, as they were in the habit of cutting down all claims." Connell denied any

agreement as to price, and testified: "After the trees were planted, Mr. Landrum presented for my approval a bill calling for $3.50 per tree, and I would not approve it. He then reduced the bill to $3 per tree, and I told him I would sign or O. K. the bill, but was sure the commissioners' court would not approve it for that amount."

[1] Under the above testimony, if the jury believed Sechrist, as they would have the right to do, there was a valid contract for not less than $3 per tree. The court charged the jury that "plaintiff can recover for the market value of the trees to the number of 28, should you find that the trees had a market value, and, if no market value, then the reasonable value of the trees, the planting and pruning, not to exceed the sum of $116." The court thus properly assumed that plaintiff could recover, but went beyond this and held that he could not recover any contract price. The charge eliminated the contract so far as the price of the trees was concerned, when, as shown above, there was testimony of a contract price, and plaintiff's pleading stated such a case. The charge was directly against the case as pleaded by plaintiff and supported by testimony, which was error.

[2] Plaintiff had no right upon his pleading to recover upon a quantum meruit the reasonable value of the trees, and if the jury should have found against the contract as to price, he was not entitled to recover for the trees at all. Gammage v. Alexander, 14 Tex. 420; Shiner v. Abbey, 77 Tex. 1, 13 S. W. 613. As to the trees there was no issue raised by the pleadings as to the reasonable value of same, but only as to the reasonable value of the planting and pruning.

We conclude that there was no error in the adjudication of the costs where the recovery did not exceed $49.

Reversed and remanded.