## MISSOURI, K. & T. RY. CO. OF TEXAS v. RYAN. (No. 7202.)

(Court of Civil Appeals of Texas. Dallas. Oct. 31, 1914.)

1. JUSTICES OF THE PEACE (§ 174*)—REVIEW—AMENDMENT—"NEW CAUSE OF ACTION."

On appeal from judgment of the justice of the peace in an action upon an expressed contract for employment at an agreed compensation of $75 per month, an amendment alleging an employment without any agreement for compensation, and that the reasonable value of the services was $75 per month, sets by a new cause of action, within the meaning of the prohibition of Rev. St. 1911, art. 759, since both pleadings cannot be supported by the same evidence, and are not subject to the same defenses.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*

For other definitions, see Words and Phrases, First and Second Series, New Cause of Action.]

2. JUSTICES OF THE PEACE (§ 174*)—APPEAL—PLEADINGS—AMENDMENT.

The fact that an amendment of pleadings, on appeal from justices of the peace, which changed the action from one on an expressed contract to one on an implied contract, thereby setting by a new cause of action, did not surprise the defendant or deprive him of any defense does not authorize the Court of Appeals to disregard the statutory rule against such amendment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

Appeal from Hunt County Court; Geo. B. Hall, Judge.

Action by H. Ryan against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for the plaintiff in the county court, on appeal from a justice of the peace, the defendant appeals. Reversed and remanded.

C. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore and Paul G. Thompson, all of Greenville, for appellant. Evans & Carpenter and Neyland & Neyland, all of Greenville, for appellee.

RASBURY, J. [1] The only issue tendered by appellant in its brief by this appeal is: Did appellee in the county court set up and recover judgment upon a cause of action different from that asserted in the justice court, where the suit originated? In the justice court appellee filed a written pleading stating his cause of action, by which he in effect charged that appellant employed him as train auditor for the period of two months, agreeing to pay him for such services $75 per month, from which service he was wrongfully discharged by appellant after 14 days of service, to appellee's damage $155, while, by amended statement filed after appeal to the county court, he in effect charged that appellant employed him as train auditor for a period of two months, without any agreement as to the amount to be paid for such services, but that the reasonable value thereof was $75, and that, after a service of 12 days in that behalf, he was wrongfully discharged by appellant, to his damage in the sum of $120. The case was tried upon the amendment, and it is presumed that the judgment is based upon evidence sustaining the allegations of such amendment. Did the amendment allege a new and different cause of action, as contemplated by article 759, R. S. 1911? We believe an analysis thereof will, in the light of the decided cases, show that it did.

The statement of the cause of action in the justice court alleged employment at $75 per month for a period of two months, and a wrongful discharge and consequent damages on a basis of the agreed remuneration. Such pleading clearly alleged an express contract of employment. The amendment filed in the county court alleged employment for two months, without any agreement as to compensation, and a wrongful discharge and consequent damages based upon the reasonable value of appellee's services, alleged to be $75 per month. Clearly the last amendment alleged an implied contract. It is said in such cases that the causes must not only be similar, "but essentially identical"; the general rule or test being mainly: Will "the same evidence support both of the pleadings," and "are the allegations of each subject to the same defenses?" Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707. A case nearly in point is Shiner v. Abbey, 77 Tex. 1, 13 S. W. 613. In that case Abbey alleged that Shiner, with his permission, inclosed certain lands of Abbey's, promising to pay the reasonable value of such use, alleged to be six cents per acre per annum, which he refused to do, and for which Abbey sued. Our Supreme Court in that case held, upon demurrers urging that neither an implied nor express contract was shown, that such allegations constituted in law an implied contract, and overruled the demurrers. The application to the instant case is obvious. The general rule is recognized and applied in Booth v. Houston Packing Co., 105 S. W. 46, and in Griffin v. Allison, 138 S. W. 1068. In the latter case it is said, "The measure of damages is different," which has peculiar application here, since by the pleading in

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the justice court, if the contract was as there alleged, the measure of the damages would be $75 per month, as fixed by the contract, while by the terms of the amendment the defense of the reasonableness of the amount sought to be recovered could have been put in issue by appellant, and, that being true, it is readily seen that both pleadings cannot be supported by the same evidence, nor subject to the same defenses.

[2] It is earnestly urged by appellee that, by changing the suit from one upon an express to one upon an implied contract, appellant was neither surprised nor deprived of any defense. The argument may be meritorious, but the rule invoked is one of long standing and was enacted as a rule of action for litigants, and it is not our right or duty to disregard it any more than other similar rules, since our system of laws is largely rules, upon a proper observance of which much obviously depends.

For the reasons indicated, it becomes necessary for us to reverse the judgment and remand the cause for another trial not inconsistent with the views here stated