**SCOTT v. MURPHREE.   (No. 2085.)**

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1923.)

Contracts ⊜⊃346(12)—No recovery on implied contract in suit on express contract.

Where petition alleged that plaintiff was the equitable owner of a vendor's lien note held by a third party, which was transferred to defendant on his promise to pay plaintiff the face thereof, but the special issue submitted to the jury charged them to find the reasonable value of the service rendered by plaintiff to the third party, *held*, the charge was erroneous under the rule that a suit on an express contract will not support recovery on an implied contract.

Appeal from Collingsworth County Court; C. C. Small, Judge.

Action by R. Q. Murphree against R. L. Scott. From judgment for plaintiff, defendant appeals. Reversed and remanded.

R. L. Templeton, of Wellington, for appellant.

Cocke & Gribble, of Wellington, for appellee.

KLETT, J. As the defendant in a judgment obtained by appellee R. Q. Murphree, the appellant R. L. Scott questions the suffi-

ciency of the plaintiff's petition to support the trial court's first special issue submitted to the jury. The allegations to be considered read as follows:

"That on or about the 15th day of November, 1921, this plaintiff was the equitable owner of one certain vendor's lien note for the sum of $500, and which note was then held by one E. E. Jones, who at the instance and request of this plaintiff and defendant herein, transferred and delivered said note to the defendant herein, and for which transfer it was mutually agreed by and between the plaintiff and defendant that defendant would pay to this plaintiff therefor the sum of $500, and that in pursuance of said agreement said note was transferred and delivered to the defendant, R. L. Scott, and said defendant thereby became bound and obligated to pay to this plaintiff the sum of $400."

The special issue complained of reads as follows:

"What was the reasonable value of the services rendered by plaintiff and to be rendered by plaintiff, in the case of E. E. Jones, after the employment of plaintiff to defendant ended? (In this connection you are instructed to base the value of the entire services to be rendered by plaintiff to said Jones at the sum of $500, and your answer is to cover the services to be rendered after the termination of the contract between plaintiff and defendant on this basis.)"

The jury answered $300, and judgment was rendered thereon.

The objection to the charge is sustained on the ground that a suit on an express contract will not support recovery upon an implied one. The rule is so well settled in this state that further discussion is deemed unnecessary. Shiner v. Abbey, 77 Tex. 1, 13 S. W. 613; Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707. Railway Co. v. Ryan (Tex. Civ. App.) 170 S. W. 858; Bagley v. Brack (Tex. Civ. App.) 154 S. W. 247.

The appellant also assigns error in denying motion for continuance; but, since the case must be reversed, it is not necessary to pass on the question.

Because of the error indicated, the judgment of the trial court is reversed, and the cause remanded.