## McCARTNEY v. HARBIN.   (No. 649.)

Court of Civil Appeals of Texas. Waco.
April 5, 1928.

Rehearing Denied May 3, 1928.

**1. Brokers ⬥40—Broker, not employed by defendant, to recover for services, must prove services and value thereof, and recover on defendant's implied promise to pay.**

In order for broker to recover for services rendered in assisting in sale of property, there being no allegation as to broker's employment, broker must show that he rendered some services, and must show value thereof, and recover on strength of defendant's implied promise to pay.

**2. Limitation of actions ⬥127(13)—Cause asserted in broker's second amended petition for value of services rendered held barred, as distinct from cause originally asserted on express contract of employment.**

Cause of action asserted in broker's second amended petition to recover value of services rendered in assisting to make sale, without allegation of employment, *held* distinct from cause of action alleged in original and first amended petitions to recover commissions for sale of land under contract of employment, and cause of action for value of services was barred, where not asserted within two years after services were rendered; such cause of action being one on implied contract.

**3. Brokers ⬥53—Broker employed to sell property, who was not procuring cause of sale, held not entitled to commission.**

Broker employed to make sale of land *held* not entitled to recover commission, where he failed to prove that he was the procuring cause of the sale.

Appeal from District Court, Ellis County; Tom J. Ball, Judge.

Suit by E. P. Harbin against E. C. McCartney. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

C. M. Supple and J. T. Spencer, both of Waxahachie, for appellant.

F. L. Wilson, Tom Whipple, and Lem Wray, all of Waxahachie, for appellee.

BARCUS, J. This suit was instituted by appellee against appellant to recover commissions which he claimed were due him as a real estate agent for the sale of certain land belonging to appellant. In his first amended petition appellee alleged that he was a real estate agent, that appellant had listed the land with him for sale and employed him to find a purchaser therefor, and that acting under said employment contract, he did find a purchaser who was ready, able, and willing to, and who did in February, 1925, purchase the property for $49,437.37. He alleged that the usual and customary commissions paid real estate agents for the sale of land was 5 per cent. on the selling price, that appellant knew said fact, and that, by reason of having employed him to sell the land, appellant thereby agreed to pay said 5 per cent. commission, and, by reason of his having been the procuring cause of the sale being made, appellant was indebted to him for said amount. By a second amended petition filed in June, 1927, in addition to the above contract of employment appellee for the first time alleged that, if the sale of the land was not consummated solely by him, then that he aided in the sale of the land by getting the purchaser interested, and that he materially assisted appellant in making the sale, and that appellant accepted and profited by his work and services rendered, and by reason thereof appellant was bound and obligated to pay him therefor a reasonable compensation, which he alleged to be 2½ per cent. of the selling price. Appellant answered by general demurrer, special exceptions, general denial, and specially pleaded that the cause of action, in so far as it sought to recover for services rendered by appellee in assisting in the sale, was barred by the statute of limitation.

The cause was submitted to a jury on two special issues, which were answered by the jury, as follows:

"(1) Was the plaintiff, E. P. Harbin, the procuring cause of making the sale of the land described in plaintiff's petition?" to which the jury answered: "No."

"(2) If Harbin was not the procuring cause of the sale of the land, but his services at the instance of McCartney assisted in producing such sale, then what is the reasonable value in dollars and cents of the services and efforts, if any, of E. P. Harbin in connection with the sale of the land mentioned in plaintiff's petition, including 6 per cent. interest on same from January 20, 1925, to this date?" to which the jury answered: "$1,418.84."

The trial court entered judgment for appellee for the amount found by the jury in answer to the second question.

By several assignments of error and propositions, appellant contends that the trial court should have, entered judgment for him on the answer of the jury to the first issue. Appellant contends that appellee was not entitled to recover for any services rendered in assisting in the sale of the land, because he did not allege that he had been employed to assist or that he had any contract under which he could bind appellant for services of that character, and because this feature of his cause of action, if any, was barred by the statute of limitation. Appellee in neither the original nor first amended petition suggested that he had been employed to assist or had rendered appellant any assistance in making the sale. McCartney was a real estate agent living in Dallas, and he owned about 300 acres of land in Ellis county which he listed with appellee and a number of other real estate men, including his firm, for sale. Appellee does not claim to have had an exclusive listing thereof. He testified that he was only employed by appellant to sell the land, and that, unless he was the procuring cause of the sale, under his interpretation of the contract of employment, he was not entitled to any compensation. In his testimony he did not claim that he was employed to assist in making the sale. The record shows that Mrs. Cunningham, the purchaser of the property, through her purchasing agent, had been seen a number of times by both appellee and appellant, who, independent of and without any knowledge on the part of the other, were attempting to sell the land to Mrs. Cunningham. There was evidence tending to show that appellant was the procuring cause of the sale. The jury, however, found against appellant on that issue.

[1-3] Under his pleadings, in order for appellee to have recovered a commission for having sold the land, he was required to prove that he had been employed to make the sale, and that he was the procuring cause of the sale being made. In order for him to have recovered for services rendered in assisting appellant in making the sale, it was necessary for him to show that he had rendered some services, and show the value thereof, and recover, if at all, on an implied promise on the part of appellant to pay for the services rendered. In the first instance he was seeking to recover the value of the services he had rendered on an express contract on the part of appellant to pay therefor. Under the additional plea contained in his amended pleading he was seeking to recover the value of the services which he claimed to have rendered appellant on an implied contract of employment. He did not allege, neither did he testify, that appellant had employed him to assist in making the sale. An allegation that the owner of real estate by express contract listed his land

for sale and thereby became obligated to pay a reasonable commission in case a sale is consummated, states an entirely different cause of action from one where the real estate agent seeks to recover the value of his services rendered in assisting the owner of land to make a sale without having been employed by the owner to render said assistance. One is an express contract; the other is an implied contract of employment. It requires entirely different testimony to establish an implied contract from that required to establish an express contract. Clearly that portion of appellee's petition which sought to recover the value of his services rendered in assisting appellant to make the sale was a new and different cause from that alleged either in his original or amended pleading, and to that extent set up a new cause of action, which was barred by the statute of limitation. Scott, Boone & Pope v. Willis (Tex. Civ. App.) 194 S. W. 220; Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; Booth v. Houston Packing Co. (Tex. Civ. App.) 105 S. W. 46; Prichard v. Foster (Tex. Civ. App.) 170 S. W. 1077; Thames v. Clesi (Tex. Civ. App.) 208 S. W. 195; M., K. & T. R. Co. v. Ryan (Tex. Civ. App.) 170 S. W. 858; Humble Oil & Refining Co. v. Southwestern Bell Telephone Co., 2 S. W.(2d) 488 (recently decided by this court). Appellant filed a motion for judgment on the jury's finding in response to the first issue submitted, and objected to the court's entering a judgment for appellee on the jury's answer to the second issue because the same was barred by limitation, and assigns error to the action of the trial court in overruling said motion. We sustain this assignment. The jury having found that appellant was not the procuring cause of the sale, he was not entitled to recover by reason of his contract of employment. That portion of his amended pleading which pleads an implied contract for services rendered in assisting appellant to consummate the sale, having been filed more than two years after the services were rendered, was barred by the statute of limitation, which was pleaded in bar thereof, and the trial court was in error in overruling appellant's plea of limitation, and was in error in submitting said issue to the jury. The jury having found that appellee was not the procuring cause of the sale, the trial court should have entered judgment for appellant. Deal v. Craven (Tex. Com. App.) 277 S. W. 1046.

The judgment of the trial court is reversed, and, on the jury's finding that appellee was not the procuring cause of the sale, judgment is here rendered for appellant.

Associate Justice STANFORD took no part in the consideration and disposition of this case.