### PHELPS et al. v. STATE et al.
### No. 5366.

Court of Civil Appeals of Texas. Amarillo.

Jan. 5, 1942.

W. T. Link, of Clarendon, for appellants.

J. R. Porter and John C. Knorpp, both of Clarendon, for appellees.

JACKSON, Chief Justice.

The record shows that at the request of the Texas Highway Department the commissioners court of Donley County agreed to obtain land for the necessary right of way to construct an overpass on the Fort Worth and Denver City Railway Company near the north line of the city limits of the city of Clarendon. It also agreed to secure the required land for right of way purposes north from said overpass a distance of approximately two miles for the construction of State Highway No. 18 to a point where it would intersect the present paved road.

The commissioners court passed the proper resolutions. They were furnished with a correct map of the land and with complete field notes both to the land to be taken and the acreage of the tracts through which the right of way would pass. The commissioners court proceeded to the acquisition of the land by purchase from the owners where the price could be agreed upon. However, after considerable negotiations with Mrs. L. E. Phelps, individually, and as executrix of the estate of S. C. Phelps, deceased, Wash Storm as joint executor of said estate, C. C. Phelps and wife, Eve Phelps, and the Federal Land Bank Commissioner, hereafter called the owners, the parties were unable to agree on the consideration to be paid for the land taken and the amount of damages to the land traversed by the highway. The commissioners court offered the owners $1,600 for the land and for the damages, which was refused.

On November 23, 1940 the county judge, the Honorable R. Y. King, upon proper application to condemn the land, appointed three special commissioners who after qualifying notified such owners that on December 12, 1940 in the district court room in the court house in Clarendon the special commissioners would meet, consider the matters and determine the value of the land taken and assess the damages to the remaining tract traversed by the right of way.

The owners answered, a hearing was had and the value of the land taken and the damages assessed in behalf of the owners to the land not taken were adjudged to be the sum of $3,786.

The county and state filed objections to the decision of the special commissioners, appealed to the county court and alleged that the amount awarded was greatly in excess of what should be paid to said owners for the right of way and damages.

The owners answered, a trial was had before a jury and in response to special issues submitted the jury found that the owners were entitled to the aggregate amount of $2,464.08 as the value of the land taken and the damages to the acreage of the remainder of the tract. The court rendered judgment in favor of the owners for said amount from which they prosecuted this appeal.

The owners urge as error the action of the court in permitting appellees to introduce in testimony on the trial of the case, over their objections, deeds from numerous other grantors to various grantees for the purpose of showing by the recitation of the consideration therein the market value of the land in controversy. The objections urged to the admissibility of the consideration recited in these deeds were that such recitations were not the best evidence of market value; they were too remote in time and place; they were hearsay; the lands described in such deeds were not shown to be of the same kind and character; the improvements were not shown to be of the same or approximately the same value as the land involved in controversy; that such sales were not shown to be voluntary and the admission of such testimony constituted reversible error. The appellees introduced five of such deeds conveying eight separate tracts of land. These conveyances are dated from something over five months preceding the date of the judgment herein to more than five years prior thereto. One of the tracts was adjacent to appellants' land; two of the tracts were more than five miles away and the other two tracts were between those distances. In the brief of the owners it is stated without challenge that the testi-

mony fails to show there had been no change in the market value of the land in that vicinity during the periods of time covered by these transactions. None of the sales evidenced by such deeds were shown to have been made voluntarily or for the market value. One tract was sold to the State for right of way purposes under the threat of condemnation. Two of the tracts were sold for cash and the other three were sold for small cash payments and deferred notes.

■ This record we think is sufficient to show that the deeds were not admissible. In fact, the appellees do not seriously claim that the considerations recited in the deeds offered were admissible to prove market value but assert that appellants had introduced the recited consideration in deeds to various other tracts from other grantors to different grantees to prove market value, hence, the error, if any, was invited and the owners were estopped to allege error to the admission of the deeds offered by the state and county. The deeds offered by the owners were introduced without objection and the testimony disclosed that the land described in such deeds was in the vicinity of appellants' land which was of about the same quality and which was just as good as the average in such deeds.

There was no question about the title to the land, its location or the amount thereof and the only issue before the court for determination was the market value of the land to be taken and the damages to the remaining acreage in the tracts traversed by the right of way.

■ Market value in a condemnation suit is the price for which property will sell when offered by one who desires to sell but is not obliged to do so and is purchased by one who desires to buy but is under no necessity of buying. State v. Carpenter et al., 126 Tex. 604, 89 S.W.2d 194, 979. We think it obvious that the recitation of the consideration for the land in the deeds offered to prove market value was inadmissible and in our opinion the owners were not estopped from objecting to the admission of such deeds.

In Dolson v. De Ganahl, 70 Tex. 620, 8 S.W. 321, the Supreme Court, speaking through Chief Justice Stayton, says: "There was testimony offered by appellant that the court would, no doubt, have excluded, had it been objected to; but the

fact that improper evidence was admitted without objection did not authorize the admission of improper evidence, even in rebuttal, when objection was made to it."

In Shiner v. Abbie, 77 Tex. 1, 13 S.W. 613, the Supreme Court says: "The fact that other evidence of the same character had been introduced without objection did not furnish a satisfactory reason for allowing plaintiff to introduce the declarations of his own agent, made out of the presence of the defendant, when they were objected to."

This doctrine is followed in an opinion written by Judge Blair of the Court of Civil Appeals at Austin in Smith v. Burroughs, 34 S.W.2d 364.

The owners also challenge the sufficiency of the testimony to sustain the findings of the jury upon which the court rendered judgment and they also urged misconduct of the jury in their deliberation on the case.

Inasmuch as the judgment must be reversed because of the admission of the recitation in the deeds to prove market value it is unnecessary to discuss the other assignments since the record could hardly be the same upon another trial.

For the reasons stated the judgment is reversed and the cause remanded.