Gene A. FULTON and Mary Frances
Fulton, Appellants,

v.

Frank SHAW, Appellee.

No. 20188.

United States Court of Appeals
Fifth Circuit.

July 8, 1963.

Rehearing Denied Sept. 17, 1963.

James R. Harris, Corpus Christi, Tex.,
for appellants.

Ben F. McDonald, Jr., Corpus Christi,
Tex. (McDonald & Spann, Corpus Christi, Tex., of counsel), for appellee Frank
Shaw.

Before CAMERON and BROWN, Circuit Judges, and WHITEHURST, District Judge.

WHITEHURST, District Judge.

The accident involved in this case followed a night of fun and entertainment.
The plaintiffs, Mr. and Mrs. Fulton,
joined the defendant, Mr. Shaw, and his
wife as their automobile guests to attend
a dance on the evening of July 15, 1961.
Enroute to the dance they stopped at the
home of Mr. and Mrs. Cassidy for a
round of champagne cocktails. The three
couples then proceeded to the dance carrying between them three bottles of intoxicating liquor. The dance lasted from
9:00 o'clock until 1:00 o'clock in the
morning. They were drinking at the
same table all evening. While at the
dance and in each others company the defendant and most of the others consumed
an average of at least four or five drinks
each. When the dance was over the
party visited with friends until 3:35
o'clock in the morning when the three
couples, in the Shaw car, with Mr. Shaw
at the wheel, started to their respective
homes. Shortly, Mrs. Shaw remonstrated with her husband about his driving.

There is testimony of occupants of the
car to the effect that the speed of the
automobile reached as high as 70 M.P.H.
and that Mr. Shaw failed to heed stop
signs at one or two intersections and
when they reached DeForrest Street, notwithstanding repeated protests from different occupants, Mr. Shaw continued at
a high rate of speed. The investigating
officer, from his observation at the scene
of the accident, estimated the speed of
the Shaw car to be between 40 and 50 M.
P.H. in a zone where the speed limit was
fixed at 30 M.P.H.

While proceeding down DeForrest
Street the defendant's car swerved to

the left, struck an automobile parked at the curb, then traveled 176 feet to the other side of the street and struck a tree. This impact threw the car into a sidewise motion causing it to hit a Pontiac automobile parked on the street about 12 feet from the tree, knocking the Pontiac 71 feet into a neighbor's yard. There is evidence that the Pontiac was parked in reverse gear to serve as an emergency brake. The force of the impact was so great that the Pontiac was a total wreck and was sent to the junk yard.

When the police and ambulance arrived at the location of the Shaw car, they found one of the occupants, Mrs. Cassidy, dead, and some of the others in varying degrees of personal injury. When questioned by the police, the defendant admitted ownership of the car, but denied that he had been driving it and denied that he had hit anything. The injured, including the defendant Shaw, were transferred to the hospital where the investigating officer again questioned the defendant, who again denied that he had driven his car, but when confronted by the police with his fingerprints taken from the steering wheel, the defendant finally admitted that he had been driving the car at the time of the accident, but he said nothing to the officer about any flat tire, nor did he, in his testimony, make any claim that a flat tire or a "blow-out" caused his several collisions. In fact, no witness positively attributed the erratic course of the defendant's automobile, and its several collisions, to the existence of a flat tire on the defendant's automobile.

The plaintiffs brought this action under the Texas Statute, which affords a remedy for an automobile guest passenger proximately injured by the gross negligence of his host. The defendant responded with several defenses among which were unavoidable accident, *volenti non fit injuria*, and contributory negligence.

The trial resulted in a verdict for the defendant. Plaintiffs appealed, assigning several specifications of error. Since we have determined that judgment must be reversed on the sixth assignment of error, we deem it unnecessary to discuss the others.

Practically none of the evidence coming from either side was directed to the issue of unavoidable accident. Certainly no definite theory was offered or proven. There was some evidence about the condition of the right rear tire on the defendant's car after the accident, and Plaintiffs' Exhibit 5 shows the right rear tire flat. The only testimony on the subject came from the plaintiff's expert witness on cross examination. He said he really did not have an opinion whether it was flat or not, and he declined to express any opinion as to when or how the flat tire occurred.

We think it was necessary for the defendant to establish some theory of the cause of the accident which excluded the negligence of the parties. As we understand Texas law on the subject, it is that the issue of unavoidable accident exists only when there is evidence that " * * * something other than the negligence of one of the parties (to the event) caused the injuries * * *." Dallas Railway & Terminal Co. v. Bailey, 1952, 151 Tex. 359, 250 S.W.2d 379, 383. It has been uniformly held by the courts of Texas that in order to determine whether the issue of unavoidable accident is involved in a case, the facts of each particular case must be examined with a view of ascertaining whether there is presented a theory under which the accident could have happened notwithstanding all the parties to the transaction exercised the degree of care required by law. Price, et al. v. Leon, et ux., Tex.Civ. App., 202 S.W.2d 309. Under Texas law the rule is that the issue of unavoidable accident is not presented unless it be shown that the accident resulted from some cause other than the negligence of the parties. Good v. Born, Tex.Civ.App., 197 S.W.2d 589. We do not think that the issue of unavoidable accident was present at the close of the case. It was

error to submit it to the jury. The case is therefore

Reversed and Remanded for disposition not inconsistent herewith.

On Petition for Rehearing

PER CURIAM.

The word "positively" is deleted and the word "substantially" is substituted so that the sentence reads: "In fact, no witness substantially attributed the erratic course of the defendant's automobile, and its several collisions, to the existence of a flat tire on the defendant's automobile."

In all other respects, the Appellee's petition for rehearing is hereby Denied.