United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2007

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

————————

m 06-61117
Summary Calendar

————————

TAMIKO JONES,
INDIVIDUALLY;
SHAKERIAL JONES,
MINOR, BY AND THROUGH HER MOTHER AND LEGAL GUARDIAN, TAMIKO JONES;
GLADYS MAE TERRY,
INDIVIDUALLY;
ANGELA TERRY; SEKUILLA TERRY; AND QUASHAN TERRY,
MINORS, BY AND THROUGH THEIR MOTHER AND LEGAL GUARDIAN, GLADYS MAE TERRY;
ARRY DAVIS,
INDIVIDUALLY;
MARVIN DAVIS; TYRONE DAVIS; JARVIS DAVIS;
FREDRICK DAVIS; AND TYNISE HUDSON,
MINORS, BY AND THROUGH THEIR MOTHER AND LEGAL GUARDIAN, ARRY DAVIS;
SHERRY WRAGG,
INDIVIDUALLY;
ARSENIO WRAGG; CHARLES WRAGG; KEUNDRA WRAGG; AND TIMOTHY WRAGG,
MINORS, BY AND THROUGH THEIR MOTHER AND LEGAL GUARDIAN, SHERRY WRAGG;
MARTHA LOTT,
INDIVIDUALLY;
SANTEARIS LOTT,
MINOR, BY AND THROUGH HIS MOTHER AND LEGAL GUARDIAN, MARTHA LOTT;
JOHN DOES 1-10,

Plaintiffs-Appellants,

VERSUS

NL INDUSTRIES, INC.,
FORMERLY KNOWN AS NATIONAL LEAD COMPANY, FORMERLY KNOWN AS DUTCH BOY PAINTS;
JERRY PURNELL; JOHN DOE 1-10,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
m 4:03-CV-229

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:[*]

A jury found in favor of defendants NL Industries, Inc., and Jerry Purnell in this suit brought on behalf of fourteen minor children allegedly injured by lead-based paint. The district court denied plaintiffs' motion for new trial. Finding no abuse of discretion, we affirm.

I.

In moving for a new trial, plaintiffs claimed the jury instructions were merely abstract statements of law and did not tie sufficiently to the facts of the case and that the court should have used their proposed instructions on proximate cause. Those proposed instructions explained plaintiffs' burden to prove proximate causation and stated the following:

The defendants, NL Industries, has pled affirmatively that the actual proximate causes of the plaintiffs' lead poisoning, if any, was one or more of the following:

1. Lead based paint at 600 Dewey Street not connected with NL Industries;

2. The soil at 600 Dewey Street;

3. Lead sources at multiple other residences;

4. Lead sources at a day care center;

5. Plaintiffs' alleged extensive family histories of mental retardation;

6. Learning disabilities; and,

7. Behavioral problems.

Just as the plaintiffs have the burden of proving their case by a preponderance of the evidence, in order for you to find any of these things to be a probable cause, NL Industries must prove by a preponderance of the evidence that the thing which it argues is a proximate cause is, in fact, a probable cause of plaintiffs' injuries, if any.

The court rejected the proffered instruction at trial and in its denial of a motion for new trial because, among other things, it did not state the law correctly. In addition to appealing the denial of a new trial, plaintiffs appeal the refusal to permit them to tell the jury that the minor children had guardians who had been appointed to protect their interests and oversee any money awarded to them.

II.

We review challenged jury instructions for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse of discretion. *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1158 (5th Cir. 2006). "Where a party argues on appeal that the district court erred in refusing to give a proffered jury instruction, that party must 'show as a threshold matter that the proposed instruction correctly stated the law.'" *Russell v. Plano Bank & Trust*, 130 F.3d 715, 719 (5th Cir. 1997) (quoting *FDIC v. Mijalis*, 15 F.3d 1314, 1318 (5th Cir. 1994)). Once that threshold is met, "the challenger must demonstrate that the charge [given] creates substantial doubt as to whether the jury was properly guided in its deliberations. Second, even if the jury instructions were erroneous, we will not reverse if we determine, based upon the entire record, that the challenged instruction could not have affected the outcome of the case." *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 659 (5th Cir. 2002) (internal citations omitted).

### A.

The proposed instruction does not properly state the law: It places the burden on defendants to prove alternative causes in fact, to use those alternate causes to negate proximate causation. The proposed instruction stated, "NL Industries must prove by a preponderance of the evidence that the thing which it argues is a proximate cause is, in fact, a probable cause of plaintiffs' injuries . . . ."

The Mississippi Supreme Court has squarely rejected this proposition and, instead, places the burden on the plaintiff to disprove other possible causes in fact, not on the defendant to establish them:

> Where plaintiff in a negligence action has only presented proof that the actual cause was one of a number of possibilities, to enable an inference to be drawn that any particular cause is probable, the other causes must be eliminated. Thus, when the evidence shows that it is just as likely that accident might have occurred from causes other than defendant's negligence, the inference that his negligence was the proximate cause may not be drawn.

*Miss. Valley Gas Co. v. Estate of Walker*, 725 So. 2d 139, 145-46 (Miss. 1998) (internal quotation omitted).

We reached the same conclusion in the similar context of intervening causes under Texas tort law. In *E.I. du Pont de Nemours & Co. v. McCain*, 414 F.2d 369, 374-75 (5th Cir. 1969), the plaintiff posited that "the trial court should have instructed the jury that intervening cause is an 'affirmative defense' to plaintiffs' negligence claim." *Id.* at 374. We rejected that argument: "'The theory of new and independent cause is not an affirmative defense; it is but an element to be considered by the jury in determining the existence or non-existence of proximate cause.'" *Id.* (quoting *Dallas Ry. & Terminal Co. v. Bailey*, 250 S.W.2d 379, 383 (Tex. 1952)). Because plaintiffs' proposed instruction incorrectly places the burden on defendants to prove alternate causes, it does not properly state the law, and the district court did not abuse its discretion in declining to give it.

### B.

Plaintiffs' other complaintSSthat the jury instructions were too abstract and not tied to the facts at trialSSalso fails. Though we look to state law to determine the content and substance of jury instructions, their form is a procedural question determined by federal law. *Reyes v. Wyeth Labs.*, 498 F.2d 1264, 1289

4

(5th Cir. 1974).[1] Plaintiffs' argument that Mississippi law requires that instructions incorporate facts from the case is irrelevant, because we must apply federal standards.

Plaintiffs direct us to *United States v. Lewis*, 592 F.2d 1282, 1286 (5th Cir. 1979), and *United States v. Gunter*, 876 F.2d 1113, 1119 (5th Cir. 1989), to argue that the federal rules require specific instructions that relate the law to the facts of the case. Neither of these cases, however, announces a *per se* rule to that effect.[2] An instruction does not always have to include the facts a plaintiff requests.[3] Because there is no *per se* rule that instructions contain

details from the case, and because plaintiffs point to no specific deficiencies in the instructions, there is no abuse of discretion.

III.

In three paragraphs at the end of their brief, plaintiffs assert that the district court erred in refusing to allow them to tell the jury that the minor children had guardians to oversee any award. Plaintiffs do not cite the standard to review this evidentiary decision, any supporting authorities for their position, or any references to the record. Though they assert that the "record is replete with instances of Defense counsel attacking the character, the behavior, and/or the parental qualities of the mothers of the minor children," plaintiffs cite no instances in the record establishing that claim.

Because the plaintiffs offer only a skeletal recitation of an argument "without citing supporting authorities or references to the record," this claim is "considered abandoned on appeal. Notice pleading does not suffice for appellate briefs." *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986) (internal citations omitted).

AFFIRMED.

---

[1] *See also* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2555 (2d ed. 2007) ("Both with regard to the manner and method of instructing the jury, federal courts follow their own rules, regardless of the forum state's practice and legislation.").

[2] *Lewis* decided whether an entire proposed instruction should have been given, not whether abstract instructions should have instead included facts of the case. *Lewis*, 592 F.2d at 1286 ("There was a sufficient evidentiary foundation to present the issue and to warrant an instruction concerning authority and apparent authority to endorse. Certainly, the issue of good faith should have been submitted."). Similarly, *Gunter* involved "omitting [a] requested jury instructions on a defense of good faith." *Gunter*, 876 F.2d at 1119.

[3] *United States v. Stone*, 960 F.2d 426, 433 (5th Cir. 1992) ("Because the elements of agreement and intentSSas well as the legal defenses based on lack of agreementSSwere substantially covered in the charge given to the jury, a theory of the defense that merely recounted the facts without those elements was not required.") (citing *United States v. Lance*, 853 F.2d 1177, 1184-85 (5th Cir. 1988); *United States v. Barham*, 595 F.2d 231, 244-45 (5th Cir. 1979)).