## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2021-CA-01222-COA

ARDEAN E. EVILSIZER                                                        APPELLANT

v.

BEAU RIVAGE RESORTS, LLC                                                   APPELLEE

DATE OF JUDGMENT:               10/20/2021
TRIAL JUDGE:                    HON. LISA P. DODSON
COURT FROM WHICH APPEALED:      HARRISON COUNTY CIRCUIT COURT,
                                FIRST JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANT:        JAMES KENNETH WETZEL
                                GARNER JAMES WETZEL
ATTORNEY FOR APPELLEE:          RICHARD W. SLIMAN
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
DISPOSITION:                    AFFIRMED - 01/10/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., GREENLEE AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Around 10:30 a.m. on Monday, May 20, 2019, Ardean Evilsizer was injured when the eighteen-wheeler she was driving north on 30th Avenue in downtown Gulfport collided with the open awning of a cooking trailer that was parked in a bay just off the street. Evilsizer sued the trailer's owner, Beau Rivage Resorts LLC (Beau Rivage), which had loaned the trailer for use in a fundraiser held on Saturday, May 18, 2019. Following discovery, the circuit court granted Beau Rivage's motion for summary judgment because the evidence showed that the awning was closed until 9:30 or 10 a.m. Monday morning, and there was no evidence that Beau Rivage had anything to do with the awning's opening or knew or should

have known that it was open. Accordingly, there was no evidence that any negligence on the part of Beau Rivage caused Evilsizer's injuries. We find no error and affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. Evilsizer is a professional truck driver. On Monday, May 20, 2019, she picked up a container of bananas at the State Port Authority at Gulfport. Around 10:30 a.m., she left the Port, driving her eighteen-wheeler north on 30th Avenue. Between 13th Street and 15th Street, her truck struck an awning that extended into Evilsizer's lane (the outside lane) from a cooking trailer that was parked in a side bay parallel to the street in front of Café Climb. Evilsizer estimated that she was driving twenty to twenty-five miles per hour at the time of the collision because she was slowing down to cross railroad tracks ahead. The collision with the awning broke her truck's passenger side mirror and knocked off part of the mirror, which in turn shattered her truck's passenger side window. Evilsizer sustained numerous cuts and other injuries as a result. She drove back to the Port to report the incident and later called the police. Evilsizer testified that she "was pretty much right up on the trailer before [she] saw the awning sticking out." She also testified that she could not avoid the awning by changing lanes because there was another vehicle in the lane to her left.

¶3. Beau Rivage owned the cooking trailer involved in the accident. Beau Rivage provided the trailer, a chef, and other employees for use in a fundraiser for Extra Table, a nonprofit that provides food for Mississippi food pantries. The fundraiser was held at Café Climb, a restaurant on the east side of 30th Avenue just south of 15th Street. Another nonprofit, Climb CDC, operates Café Climb to provide training in the culinary industry for

2

students and young adults.

¶4.     Beau Rivage hired Fayard Moving & Storage to move the trailer to Café Climb on Friday, May 17, 2019, and retrieve it the following Monday.  Martha Allen, Extra Table's executive director, and a volunteer, Rebecca Kajdan, were present when the trailer was delivered on Friday afternoon, but neither recalled telling the driver where to park it.  The driver recalled that a female told him where to park the trailer, but he did not recall her name.  Kajdan testified that a "committee" for the fundraiser had made a "group decision" regarding the trailer's location, and there is no evidence that Beau Rivage decided where the trailer should be parked.  In any event, Kajdan signed for the delivery of the trailer, and she testified that the trailer was parked within a bay parallel to the east side of 30th Avenue, that no part of the trailer was protruding into the street, and that the awnings of the trailer facing 30th Avenue were closed.

¶5.     Friday night, a Beau Rivage employee, Kenny Jarrell, checked the generators and pilot lights on the trailer.  Jarrell testified that the trailer's awnings were closed on Friday.  Jarrell and another Beau Rivage employee, Howie Bock, returned on Saturday morning to start the generators, light the pilot lights, and connect the water.  Jarrell and Bock both testified that the trailer's awnings were closed when they left the trailer on Saturday.

¶6.     The fundraiser was held at Café Climb on Saturday night.  Beau Rivage employees prepared food for the fundraiser inside the trailer and served it to guests inside the restaurant.  After the fundraiser ended, Allen and Kajdan left Café Climb between 9 and 11 p.m.  When they started to leave, they noticed that the trailer's generator was still running, although the

trailer was empty. Allen called Beau Rivage, and someone at Beau Rivage instructed another volunteer on how to turn off the generator. Allen and Kajdan then departed. Both Allen and Kajdan testified that the trailer's awnings were closed when they left Saturday night.[1]

¶7. On Monday morning, May 20, 2019, the CEO of Climb CDC complained that Extra Table had not cleaned up Café Climb after the fundraiser, as had been promised. As a result, Kajdan and her sister went to Café Climb around 8:30 a.m., cleaned up, and took out the trash. Kajdan wanted to be certain that there was no additional trash outside the building, "so [she] circled the building, not once, but twice, just making certain [she] didn't see anything." Kajdan testified that the trailer's "awnings were not open" when she left Café Climb Monday morning around 9:30 or 10 a.m. However, at 10:30 a.m., the awnings were open and in the path of Evilsizer's eighteen-wheeler in the outside lane of 30th Avenue.

¶8. In August 2019, Evilsizer sued Beau Rivage in the Harrison County Circuit Court, alleging that it negligently caused or allowed the awnings to protrude into 30th Avenue. Following discovery, Beau Rivage filed a motion for summary judgment. After a hearing, the circuit court granted Beau Rivage's motion for summary judgment, holding that there was no genuine issue of material fact and that Evilsizer had not presented any evidence that any negligence on the part of Beau Rivage caused her injuries.

**ANALYSIS**

¶9. We review an order granting summary judgment de novo, viewing the evidence in the

---

[1] Kajdan's testimony differed from Allen's in that Kajdan recalled that someone at Beau Rivage told Allen to just "let [the generator] run" and it would "run out." However, both Kajdan and Allen were certain that the awnings on the trailer were closed when they left on Saturday night.

4

light most favorable to the nonmoving party. *Karpinsky v. Am. Nat'l Ins.,* 109 So. 3d 84, 88 (¶9) (Miss. 2013). Summary judgment "shall" be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "When the plaintiff, as in this case, bears the burden of proof at trial, a defendant may elect to move for summary judgment by identifying deficiencies in the plaintiff's evidence." *Maxwell v. Baptist Mem'l Hosp.-DeSoto Inc.,* 15 So. 3d 427, 433 (¶15) (Miss. Ct. App. 2008).

¶10. In responding to a motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). "[S]ummary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Buckel v. Chaney*, 47 So. 3d 148, 153 (¶10) (Miss. 2010) (quotations marks omitted). To withstand summary judgment, the nonmoving party must come forward with "significant probative evidence showing that there are indeed genuine issues for trial." *Price v. Purdue Pharma Co.,* 920 So. 2d 479, 485 (¶16) (Miss. 2006) (quoting *McMichael v. Nu-Way Steel & Supply Inc.*, 563 So. 2d 1371, 1375 (Miss. 1990)). Therefore, a plaintiff in a negligence action must respond to a motion for summary judgment "by producing supportive evidence of *significant* and *probative* value; this evidence must show that the defendant breached the

5

established standard of care and that such breach was the proximate cause of her injury." *Palmer v. Biloxi Reg'l Med. Ctr. Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990). When the nonmoving party "fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial and the moving party is entitled to judgment as a matter of law." *McClinton v. Delta Pride Catfish Inc.*, 792 So. 2d 968, 973 (¶9) (Miss. 2001) (quoting *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1214 (Miss. 1996)).

¶11. On appeal, Evilsizer argues that the circuit court erred by granting summary judgment because there is "circumstantial evidence" that Beau Rivage was negligent and that its negligence caused her injuries. In support of her argument, Evilsizer does not point to any evidence that would show when or why the awning opened. Rather, she argues that it was sufficient for her to show that the trailer was under Beau Rivage's "control." Evilsizer seems to argue that the burden then shifted to Beau Rivage to prove that her injuries were caused by "an intervening superseding cause." We disagree.

¶12. Our Supreme Court recently reiterated that

> while inferences of negligence may be drawn from circumstantial evidence, those inferences must be the only ones which reasonably could be drawn from the evidence presented, and if the circumstantial evidence presented lends itself equally to several conflicting inferences, the trier of fact is not permitted to select the inference it prefers, since to do so would be the equivalent of engaging in pure speculation about the facts. Where plaintiff in a negligence action has only presented proof that the actual cause was one of a number of possibilities, to enable an inference to be drawn that any particular cause is probable, the other causes must be eliminated. Thus, when the evidence shows that it is just as likely that accident might have occurred from causes other than defendant's negligence, the inference that his negligence was the proximate cause may not be drawn.

6

*Hardin v. Town of Leakesville*, 345 So. 3d 557, 566 (¶41) (Miss. 2022) (quoting *Miss. Valley Gas Co. v. Est. of Walker*, 725 So. 2d 139, 145-46 (¶21) (Miss. 1998), *overruled on other grounds by Adams v. U.S. Homecrafters Inc.*, 744 So. 2d 736 (Miss. 1999)); *see also Byram Cafe Grp. LLC v. Tucker*, 344 So. 3d 844, 847 (¶17) (Miss. 2022) ("[T]he inference of a defendant's negligence as the proximate cause of a plaintiff's injuries may not be drawn if the record indicates that the cause could have just as likely occurred from causes other than the defendant's negligence.").

¶13.    This principle applies here.  The evidence in the record shows that the cooking trailer was parked in a side bay in front of Café Climb at all relevant times and that the trailer itself was never protruding into the street.  The evidence also shows that the trailer's awnings were closed and were not protruding into the street from the time the trailer was delivered on Friday until at least 9:30 a.m. Monday morning.  Therefore, the evidence indicates that the awnings somehow came open sometime after 9:30 a.m. Monday morning.  The wreck occurred, at most, about one hour later.  There is no evidence to indicate who or what caused the awnings to open.  Moreover, there is no evidence that Beau Rivage or any of its employees had anything to do with the awnings opening.  Nor is there any evidence that Beau Rivage knew or should have known that the awnings were open.  Finally, the evidence in the record does not show or permit a reasonable inference that any particular explanation for the open awnings is more likely than any other explanation.  We simply do not know how or why the awnings came open.  In short, because "the evidence shows that it is just as likely that accident might have occurred from causes other than defendant's negligence, the inference

that [the defendant's] negligence was the proximate cause may not be drawn." *Hardin*, 345 So. 3d at 566 (¶41). On this record, a fact-finder could do no more than "engag[e] in pure speculation about the facts." *Id.* Accordingly, the circuit court did not err by granting summary judgment.

¶14. We also reject Evilsizer's argument that the circuit court erred because Beau Rivage had the burden of proving the "affirmative defense" of an "intervening superseding cause," i.e., that a third party opened the awning. Although Beau Rivage has discussed the concept of an "intervening superseding cause," that is not the basis on which we affirm the grant of summary judgment. "A superseding cause is an intervening cause which relieves the defendant of liability for an injury *for which his negligence was a cause-in-fact*." Robert A. Weems & Robert M. Weems, *Mississippi Law of Torts* § 3:23, at 51-52 (2d ed. 2008) (emphasis added) (citing *Southland Mgmt. Co. v. Brown ex rel. Brown*, 730 So. 2d 43 (Miss. 1998)). Here, there is simply no evidence that Beau Rivage was negligent or that its alleged negligence was a cause-in-fact of Evilsizer's injuries—therefore, the concept of a superseding cause is inapplicable. That is, Beau Rivage is entitled to summary judgment not because it proved an affirmative defense but because Evilsizer failed to produce evidence sufficient to establish essential elements of *her* claim.[2] As stated above, when a plaintiff "fails to make a showing sufficient to establish an essential element of [her] claim . . . , then all other facts are immaterial and the [defendant] is entitled to judgment as a matter of law."

---

[2] In this context, "[t]he Mississippi Supreme Court . . . places the burden on the plaintiff to disprove other possible causes in fact, not on the defendant to establish them[.]" *Jones v. NL Indus. Inc.*, 243 F. App'x 60, 63 (5th Cir. 2007) (citing *Miss. Valley Gas Co.*, 725 So. 2d at 145-46).

*McClinton*, 792 So. 2d at 973 (¶9) (quoting *Wilbourn*, 687 So. 2d at 1214).

**CONCLUSION**

¶15.    The circuit court properly granted summary judgment in favor of Beau Rivage because there is no genuine issue of material fact and Beau Rivage is entitled to judgment as a matter of law.

¶16.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., NOT PARTICIPATING.**